**In re Richard A. WIRMEL, Linda Wirmel, Debtors.**

No. 1–91–03535.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 26, 1991.

James Cissell, Cincinnati, Ohio, trustee.

John Willard, Hamilton, Ohio, for debtors.

ORDER RE: TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This Chapter 13 case is before the Court under the following circumstances:

Debtors Richard and Linda Wirmel filed a voluntary Chapter 7 petition on June 6, 1991. Listed on their Schedule B–2 (Personal Property) was a contingent and unliquidated claim consisting of a civil rights violation lawsuit brought by Richard Wirmel against Butler County, Ohio, and individuals employed by the County Auditor's office. The Wirmels also listed as exempt property recovery of up to $5,000 on their legal claim against Butler County.

On July 25, 1991, the Chapter 7 trustee assigned to the case, James Cissell, filed an objection to the claimed exemption, but set forth no specific grounds for his objection. On September 4, 1991, a hearing was conducted on the Trustee's objection. At that hearing, the Trustee informed the Court that a settlement proposal had been made by Butler County wherein the County would pay to the Trustee sufficient moneys to satisfy in full all of the Wirmels' tax obligations and unsecured debts, as well as up to $10,000 in attorney fees and an additional $5,000 to be distributed to Mr. Wirmel in recognition of his exemption. Acceptance of this proposal by the Trustee would presumably result in a dismissal of the civil rights lawsuit pending in the U.S. District Court before District Judge Spiegel. This disclosure met with objection from Mr. Wirmel's civil rights counsel who believed the settlement offer to be insufficient. Counsel also argued whether the Chapter 7 trustee's obligation to creditors was paramount to the debtor's right to prosecute fully his claims against the county. The Court then set a schedule for parties to file appropriate papers outlining their positions with regard to the adequacy of the settlement and the standing of a Chapter 7 debtor to object to a settlement.

On September 20, the Trustee filed his application for authority to settle the *Wirmel v. Butler County* lawsuit. Debtors' memorandum in opposition to the settlement was filed September 30, 1991, and a joint response of the civil rights defendants in support of the settlement was filed October 15, 1991.

In the meantime, on September 25, 1991, the Debtors filed a motion to convert their Chapter 7 case to a case under Chapter 13 of the Bankruptcy Code. On October 28, 1991, the Debtors filed their proposed plan and on October 31, the order converting the case to a case under Chapter 13 was entered.

In the joint defendants' memorandum in support of the settlement, the defendants argue that even if the case were converted, this Court is obligated to pass on the fairness of the proposed settlement. On November 12, 1991, the defendants filed a supplemental memorandum in which they state that the conversion "does not alter the ultimate authority lodged in this Court to approve the proposed settlement offer." We disagree.

When a debtor files a petition under Chapter 7, an estate is created, and all legal and equitable interests of the debtor in property are property of the estate. 11 U.S.C. § 541. Among the duties of a Chapter 7 trustee are collecting and reducing to money the property of the estate. 11 U.S.C. § 704. Further, a trustee is the representative of the estate and may sue and be sued. 11 U.S.C. § 323.

Likewise, an estate is created when a debtor is a debtor under Chapter 13. That estate is comprised of all legal and equitable interests of the debtor as outlined in § 541 [1] and certain property acquired post-petition, as well as earnings from services performed by the debtor post-petition. 11 U.S.C. § 1306.

> Chapter 13 does not normally contemplate liquidation of property of the estate, but rather the repayment of allowed claims from the future earnings or other future income of the debtor. Therefore, the concept of property of the estate is at once different and less important under Chapter 13 than in liquidation under Chapter 7. 5 *Collier on Bankruptcy* § 1300.90, p. 1300–166, 15th ed. 1989.

Except as provided in a confirmed plan or order confirming a plan, the debtor shall

---

**1.** It is well-established that the "interests of a debtor in property include causes of action." *Bauer v. Commerce Union Bank,* 859 F.2d 438, 441 (6th Cir.1988).

remain in possession of all property of the estate. 11 U.S.C. § 1306. Further, "except as otherwise provided in the plan or order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1327. The Chapter 13 debtor has the same powers as a trustee to use, sell or lease property of the estate. 11 U.S.C. § 1303. "These rights and powers are given exclusively to the debtor, and may not be exercised by the Chapter 13 trustee." House Rep. No. 95-595, 95th Cong., 1st Sess. 427 (1977), U.S.Code Cong. & Admin.News, 5787 (1978). While specifying the rights and powers the debtor may exercise exclusive of the trustee, this section "does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although section 1323 [presumably 323] is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued." 124 Cong. Rec.H. 11,106 (Sept. 28, 1978) § 17,423 (Oct. 6, 1978).

Section 323(b) provides that "the trustee in a case under this title has capacity to sue and be sued." The legislative history of § 323 indicates that a chapter 13 debtor is the proper representative of the estate for litigation purposes, although it would appear to be more accurate to state that a debtor may exercise his power to sue and be sued concurrently with the Trustee. See, 5 Collier on Bankruptcy § 1300.53[1] and [2], pp. 1300–101, 102, 15th ed. 1989.

When attempting to determine who "owns" this cause of action in the Chapter 13, we must find in favor of the debtor. While we have found no cases that specifically address this question, we note that the Court in In re Carter, 2 B.R. 321 (Bankr.D.Colo.1980), in discussing the legislative history of § 1303, stated that "[T]he congressional example of a concurrently held power is the right to sue and be sued. Obviously, the recognition of that power does no violence to the role of the Chapter 13 trustee." Id. at 322. It is difficult to imagine how a Chapter 13 debtor could control the property of the estate, and how a Chapter 13 trustee could perform the duties of a trustee as outlined in § 704, except collecting and reducing to money the property of the estate (see, 11 U.S.C. § 1302), without at the same time vesting the debtor with "ownership" of his cause of action.

The Debtors' conversion of their case to a case under Chapter 13 removes this cause of action from the control of the Chapter 7 trustee, and, if anything, leaves the question of the propriety of a settlement in the hands of the Wirmels' creditors who are entitled to file objections to the confirmation of the Chapter 13 plan on the bases of whether it meets the "best interests of creditors" test, the "disposable income" test, the feasibility test and the other requirements for confirmation outlined in § 1325. Accordingly, there is no necessity of this Court ruling as to the fairness of the proposed settlement.

In closing, we would note that pursuant to § 1325(c), after confirmation of a plan, the Court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee for disbursement to creditors. Thus, to the extent a debtor can maximize his property by pursuing litigation, creditors are assured of receiving their appropriate share of any recovery realized prior to the completion of the plan.

Accordingly, the Trustee's Application to Settle the Matter of Wirmel v. Butler County has been mooted by the conversion of this case to a case under Chapter 13 of the Bankruptcy Code. To the extent that the Debtor recovers on any judgment or settlement of his District Court civil rights action during the pendency of the Chapter 13, he is hereby directed, pursuant to 11 U.S.C. § 1325(c), to immediately notify the Chapter 13 Trustee of the amount and terms of said recovery and shall turn over to the Trustee any amounts so recovered as the Court shall direct by further order.

IT IS SO ORDERED.