[No. A084731. First Dist., Div. Three. Nov. 29, 1999.]

EDWIN O. KELSEY, Plaintiff and Appellant, v.
WASTE MANAGEMENT OF ALAMEDA COUNTY et al., Defendants
and Respondents.

**COUNSEL**

Law Offices of Tesfaye W. Tsadik, Tesfaye W. Tsadik and William A. Barnes for Plaintiff and Appellant.

Fisher & Phillips, John D. McLachlan and Donald E. Cope for Defendant and Respondent Waste Management of Alameda County.

Farbstein & Blackman and Michael A. Farbstein for Defendants and Respondents Danny Martinez, Loren Lockabill, Steve Soffiotto and Mark Winkler.

**OPINION**

**WALKER, J.**—Edwin O. Kelsey appeals the trial court's order granting the motion by Waste Management of Alameda County (Waste Management) for summary judgment in his action for discrimination and intentional infliction of emotional distress. Kelsey contends that the trial court erred by determining that he lacked standing to sue after he filed for chapter 13 bankruptcy, and by invoking the doctrine of judicial estoppel to preclude his suit based on his failure to list his claim against Waste Management in the bankruptcy proceedings. We conclude that a chapter 13 bankruptcy debtor has standing to sue, and that Waste Management failed in its burden on summary judgment to demonstrate the existence of all of the elements of judicial estoppel. We reverse.

### BACKGROUND

In June 1996 Kelsey filed charges of discrimination with the Department of Fair Employment and Housing (DFEH), alleging harassment and discrimination while he was working at Waste Management. In July 1996 he

filed for chapter 13 bankruptcy protection in federal court. He did not list his DFEH claim against Waste Management as an asset or a cause of action in his bankruptcy schedules. On April 2, 1997, the bankruptcy court confirmed his bankruptcy plan. Kelsey filed the instant action on April 22, 1997, and the court subsequently granted Waste Management's motion for summary judgment.

## STANDARDS FOR REVIEW AND SUMMARY JUDGMENT

■ " 'A defendant seeking summary judgment has met the burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action cannot be established [or that there is a complete defense to that cause of action]. . . . Once the defendant's burden is met, the burden shifts to the plaintiff to show that a triable issue of fact exists as to that cause of action. . . . In reviewing the propriety of a summary judgment, the appellate court independently reviews the record that was before the trial court. . . . We must determine whether the facts as shown by the parties give rise to a triable issue of material fact. . . . In making this determination, the moving party's affidavits are strictly construed while those of the opposing party are liberally construed.' (*Hanooka* v. *Pivko* (1994) 22 Cal.App.4th 1553, 1558 . . . , citations omitted; see also Code Civ. Proc., § 437c, subd. (o)(2).) We accept as undisputed facts only those portions of the moving party's evidence that are not contradicted by the opposing party's evidence. (*Kelleher* v. *Empresa Hondurena de Vapores, S.A.* (1976) 57 Cal.App.3d 52, 56 . . . .) In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences therefrom must be accepted as true. (See *Zeilman* v. *County of Kern* (1985) 168 Cal.App.3d 1174, 1179, fn. 3 . . . ; *Neinstein* v. *Los Angeles Dodgers, Inc.* (1986) 185 Cal.App.3d 176, 179 . . . .)" (*Jackson* v. *County of Los Angeles* (1997) 60 Cal.App.4th 171, 178-179 [70 Cal.Rptr.2d 96] (*Jackson*).)

## CHAPTER 13 BANKRUPTCY DEBTOR'S STANDING TO SUE

■ Waste Management asserted in its motion for summary judgment that, because Kelsey filed for bankruptcy under chapter 13, he lacked standing to sue on his cause of action. The theory underlying this assertion is that the debtor's estate property, including any causes of action against other parties, passes to the trustee, who represents the estate and has the capacity to sue and be sued. (*Cloud* v. *Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1001 [79 Cal.Rptr.2d 544] (*Cloud*); see *Olick* v. *Parker & Parsley Petroleum Co.* (2d Cir. 1998) 145 F.3d 513, 515 (*Olick*); *Seward* v.

*Devine* (2d Cir. 1989) 888 F.2d 957, 963 [bankruptcy estate includes "any causes of action possessed by the debtor"]; see 11 U.S.C. § 323(a), (b)[1].) Under this theory, the trustee in bankruptcy retains control of the debtor's property, and therefore only the trustee has standing to sue on any causes of action against other parties. (*Cloud, supra,* 67 Cal.App.4th at pp. 1001-1002.) Because Waste Management presented evidence, uncontradicted by Kelsey, in support of its motion for summary judgment that Kelsey filed for chapter 13 bankruptcy, Waste Management contends that he lacks standing as a matter of law to maintain the instant cause of action. Kelsey argues that the standing theory is valid for chapter 7 debtors, but invalid for chapter 13 debtors in bankruptcy, because a trustee does not control the debtor's estate property, the debtor does. He therefore contends that a chapter 13 debtor in bankruptcy has standing to maintain a cause of action. On this issue of first impression, we agree with Kelsey.

▪ "[U]nlike a [c]hapter 7 bankruptcy in which a trustee is appointed to liquidate the assets of the bankruptcy estate for the benefit of the creditors, a chapter 13 bankruptcy provides for a reorganization plan in which the creditors' recovery is drawn from the debtor's earnings, not from the assets of the estate." (*Donato* v. *Metropolitan Life Ins. Co.* (Bankr. N.D.Cal. 1999) 230 B.R. 418, 425 (*Donato*); see §§ 704 [duties of trustee in chapter 7 bankruptcy]; 1322 [reorganization plan requires submission of future earnings to trustee for payment of creditors].) And, unlike chapter 7 bankruptcies, a chapter 13 debtor remains in possession of all property of the estate, except where the bankruptcy plan otherwise specifies. (§ 1306(b); see § 704(1) [charging trustee with duty to "collect and reduce to money the property of the estate"].)

While a trustee appointed in a case filed under any section of the Bankruptcy Code represents the estate and has the power to sue and be sued, the debtor in a chapter 13 case has certain powers exclusive of those possessed by the trustee. (§§ 323, 1303.) ▪ The Bankruptcy Code does not explicitly state whether the debtor has the power to sue and be sued. (*Olick, supra,* 145 F.3d at p. 515; *Donato, supra,* 230 B.R. at p. 425.) At least two federal courts have determined that a chapter 13 debtor has standing to sue. The Second Circuit in *Olick* examined the differences between a chapter 7 and chapter 13 bankruptcy case and cited statements made by House of Representatives and Senate floor managers indicating that chapter 13 debtors retained the power to sue and be sued under section 1303. The court concluded that a chapter 13 debtor has standing to maintain a cause of action in his or her own name. (*Olick, supra,* 145 F.3d at pp. 515-516; accord,

---

[1] All statutory references are to the United States Code, title 11.

*Maritime Elec. Co., Inc.* v. *United Jersey Bank* (3d Cir. 1991) 959 F.2d 1194, 1209, fn. 2.) The District Court for the Northern District of California agreed with *Olick*'s reasoning and also held that a chapter 13 debtor has standing to sue. (*Donato, supra,* 230 B.R. at p. 425.)

Waste Management cites *Richardson* v. *United Parcel Service* (Bankr. E.D.Mo. 1996) 195 B.R. 737, 739 (*Richardson*), and *In re Carter* (Bankr. D.Kan. 1991) 125 B.R. 832, 836, as authority for the proposition that Kelsey lacks standing. *In re Carter* is inapt because it does not hold that a chapter 13 debtor lacks standing to pursue a cause of action. (See *In re Carter, supra,* 125 B.R. at p. 836.) Although *Richardson* is on point, its analysis leaves much to be desired. The court did not discuss the differences between chapter 7 and chapter 13 debtors nor the differences in how the estate property was held in the different bankruptcy proceedings. (See *Richardson, supra,* 195 B.R. at pp. 738-739.) More importantly, the court supported its conclusion that only a trustee has standing to pursue a cause of action in a chapter 13 bankruptcy by citing section 323 (stating that the trustee has the capacity to sue and be sued) and two cases involving the standing of a chapter 7 debtor.[2] (195 B.R. at p. 739, citing *Harris* v. *St. Louis University* (Bankr. E.D.Mo. 1990) 114 B.R. 647, 648; *Cain* v. *Hyatt* (Bankr. E.D.Pa. 1989) 101 B.R. 440, 441.) Because *Richardson* does not accurately analyze the control a chapter 13 debtor has over her or his assets, we decline to adopt the reasoning of that decision.

The analyses and conclusions in *Olick* and *Donato* are persuasive and we adopt them as our own. We hold that a chapter 13 debtor has standing to sue in California. Because Waste Management failed to present evidence showing that there is a complete defense to Kelsey's causes of action, it failed in its burden on summary judgment. (*Jackson, supra,* 60 Cal.App.4th at pp. 178-179; *Hanooka* v. *Pivko* (1994) 22 Cal.App.4th 1553, 1558 [28 Cal.Rptr.2d 70].) The trial court therefore erred by granting summary judgment in favor of Waste Management based on Kelsey's lack of standing.[3] (*Zeilman* v. *County of Kern* (1985) 168 Cal.App.3d 1174, 1183 [214 Cal.Rptr. 746] (*Zeilman*).)

---

[2]Waste Management also claims that when a debtor "conceals" a cause of action from the bankruptcy estate, the debtor loses standing to pursue his cause of action. No court has concluded that a debtor's concealment or failure to list a cause of action in bankruptcy schedules has any bearing on the debtor's standing to sue.

[3]Kelsey implies that the bankruptcy trustee abandoned his claim against Waste Management because the trustee stated in a declaration filed in opposition to summary judgment that Kelsey was free to pursue the instant action. If the bankruptcy trustee abandons a cause of action, then even a chapter 7 bankruptcy debtor may regain standing to pursue the cause of action. (See *Cloud, supra,* 67 Cal.App.4th at p. 1003.) The trustee's statement does not constitute a formal abandonment under any of three possible methods because: (1) the trustee did not abandon the property after notice and hearing; (2) the bankruptcy court did not order

---

NO SHOWING OF JUDICIAL ESTOPPEL

 Kelsey argues that the trial court's entry of summary judgment against him cannot be upheld on the basis of judicial estoppel. Waste Management urged the trial court to apply the doctrine because Kelsey failed to disclose his claim against Waste Management in his chapter 13 bankruptcy case. Based on Waste Management's failure to adduce evidence that Kelsey intentionally omitted his claim, we conclude that summary judgment was improper.

I. *Standard of Review*

Crucial to our analysis is the correct standard of review, which neither party accurately identifies. Waste Management correctly notes that the determination of whether judicial estoppel should apply to the facts is a question of law for the trial court. (*Drain* v. *Betz Laboratories, Inc.* (1999) 69 Cal.App.4th 950, 959, fn. 8 [81 Cal.Rptr.2d 864] (*Drain*).) Furthermore, we will uphold the court's findings of fact regarding judicial estoppel if they are supported by substantial evidence. (*In re Marriage of Dekker* (1993) 17 Cal.App.4th 842, 850 [21 Cal.Rptr.2d 642].) Yet, the trial court did not make any findings of fact because the proceeding below was summary judgment. The function of the summary judgment procedure is not to try any factual issues, but to ascertain whether any triable issues of fact exist. (*Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 873 [127 Cal.Rptr. 110, 544 P.2d 1310]; 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 187, p. 601.) The trial court makes no findings of fact on summary judgment, so we do not review for substantial evidence any aspect of summary judgment. (See *Drain, supra,* 69 Cal.App.4th at p. 959, fn. 8 [determination of judicial estoppel on a motion for summary judgment appropriate only if "none of the facts material to the court's decision to apply judicial estoppel are disputed"]; *Haley* v. *Dow Lewis Motors, Inc.* (1999) 72 Cal.App.4th 497, 510 [85 Cal.Rptr.2d 352] [if an evaluation of facts is necessary to rule on judicial estoppel, claim should be decided on summary judgment or at trial] (*Haley*).) Our review of the court's decision to apply judicial estoppel in the context of summary judgment is no different from our review of any other summary judgment. Accordingly, despite imprecise language in several Court of Appeal opinions, we review de novo the trial court's decision to apply judicial estoppel in granting a summary judgment motion, and we apply the same standards of law as the

---

the trustee to abandon the property after notice and hearing; and (3) the property was not scheduled and not administered by the trustee at the time of the closing of the case. (*Ibid.*) We reject the contention.

trial court in determining whether the defendant has met its burden of establishing that there are no triable issues on the application of judicial estoppel.[4] (*Jackson, supra,* 60 Cal.App.4th at pp. 178-179, 190-191; *People v. $4,503 United States Currency* (1996) 49 Cal.App.4th 1743, 1747 [57 Cal.Rptr.2d 467].)

## II. *Judicial Estoppel*

■ Judicial estoppel is an extraordinary remedy that should be applied with caution. (*Haley, supra,* 72 Cal.App.4th at p. 511.) "[T]he doctrine should apply when: (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake." (*Jackson, supra,* 60 Cal.App.4th at p. 183.)

■ In order for Waste Management to succeed in demonstrating that judicial estoppel should apply on summary judgment, it was required to adduce admissible evidence establishing each element underlying the doctrine. (See *Jackson, supra,* 60 Cal.App.4th at p. 178.) Waste Management produced undisputed evidence that Kelsey failed to list on his bankruptcy schedules the claim he had against Waste Management, and that he filed a DFEH claim against Waste Management about one month before the bankruptcy filing. Undisputed evidence established that the bankruptcy court confirmed Kelsey's bankruptcy, finding that the bankruptcy plan was proposed in good faith. Kelsey does not dispute that Waste Management established the first four elements of judicial estoppel by producing evidence

---

[4]Two leading cases, both from Division Four of the Second District, purport to apply the "substantial evidence" standard in reviewing the lower court's decision to apply judicial estoppel in the context of a summary judgment motion. (See *Drain, supra,* 69 Cal.App.4th at pp. 958-959; *International Engine Parts, Inc.* v. *Feddersen & Co.* (1998) 64 Cal.App.4th 345, 354 [75 Cal.Rptr.2d 178] (*International Engine Parts*).) The court in *International Engine Parts* gave no reason for applying the substantial evidence standard to review summary judgment. (64 Cal.App.4th at p. 354.) The court in *Drain* attempted to reconcile the anomaly of applying the substantial evidence standard to review summary judgment by explaining that no material facts concerning the court's application of judicial estoppel were disputed and "appellant raised no triable issue of fact concerning any of the determinative factors." (69 Cal.App.4th at p. 959, fn. 8.) But if the facts supporting the application of judicial estoppel are undisputed, and the nonmoving party raises no other triable issue, summary judgment is appropriate. (*Jackson, supra,* 60 Cal.App.4th at pp. 178-179.) Although the *Drain* court purported to apply the substantial evidence standard, it actually affirmed summary judgment because no triable issues on the judicial estoppel defense existed. We conclude that *Drain* and *International Engine Parts* provide no authority for applying the substantial evidence standard of review for the court's decision to apply judicial estoppel on summary judgment.

that he took two inconsistent positions in judicial or administrative proceedings, and he was successful in the bankruptcy proceeding.

Waste Management attempted to establish that Kelsey intentionally failed to list his claim against Waste Management by showing that Kelsey was represented by counsel during the bankruptcy proceedings, filed his bankruptcy one month after his DFEH claim, and asked for over $9 million in damages in the instant suit.[5] Waste Management argues that it is reasonable to infer from Kelsey's failure to list so valuable an asset as his claim against Waste Management in his bankruptcy schedules, submitted soon after he filed his DFEH claim, the fact that he acted intentionally. First, no evidence shows that Kelsey placed a value on his claim against Waste Management before he filed the instant action, or before the bankruptcy court confirmed his chapter 13 plan. Nothing indicates that Kelsey knew that his claim had any value when he filed his bankruptcy schedules. Second, although we might make the inferences Waste Management suggests based on the timing of Kelsey's claim with the DFEH and his bankruptcy filing, we could also make the reasonable inference that Kelsey did not know he was required to disclose his DFEH claim to the bankruptcy court. After all, he did not file suit against Waste Management until after he submitted his schedules and bankruptcy plan. His failure to list his claim could be attributed to oversight or neglect as easily as to some ulterior motive. Third, the fact that he was represented by counsel is irrelevant because Waste Management produced no evidence that Kelsey told his attorney of his claim against Waste Management or that the attorney inquired about any such claim.

We draw all reasonable inferences from the evidence in favor of Kelsey, and therefore infer that Kelsey's failure to list his claim against Waste Management in his bankruptcy case was unintentional. (*Neinstein* v. *Los Angeles Dodgers, Inc.* (1986) 185 Cal.App.3d 176, 179 [229 Cal.Rptr. 612].) Because Waste Management failed to provide evidence negating the possibility that Kelsey's failure to list his claim against Waste Management in his bankruptcy schedules was the result of ignorance or mistake, it has not met its burden on summary judgment of showing that there is a complete defense to Kelsey's causes of action. (*Jackson, supra,* 60 Cal.App.4th at pp. 178-179; *Hanooka* v. *Pivko, supra,* 22 Cal.App.4th at p. 1558.)

Even if we assume that Waste Management met its initial burden on summary judgment, Kelsey clearly raised a triable issue of fact in his

[5]We deny Waste Management's motion to take judicial notice of three documents. Two of the documents—the bankruptcy court confirmation order and the statement of damages—are part of the appellate record. Judicial notice is therefore unnecessary. The August 8, 1996, bankruptcy plan filed in the bankruptcy court was not part of the record on summary judgment and the trial court did not consider it. We will not consider it for this reason. (*Knapp* v. *City of Newport Beach* (1960) 186 Cal.App.2d 669, 679 [9 Cal.Rptr. 90].)

response to the summary judgment motion. He submitted a declaration stating that, when he was preparing to file for chapter 13 bankruptcy protection with the aid of his attorney, discussion of the DFEH charge against Waste Management did not arise, and he was unaware that he was required to disclose the charge with the bankruptcy court. Had he been aware, Kelsey avers, he would have disclosed it. We must accept these statements as true. (*Zeilman, supra*, 168 Cal.App.3d at p. 1179, fn. 3.) Kelsey's declaration thus shows that he was ignorant of the need to disclose the DFEH charge in his bankruptcy case, and raises a triable issue regarding Kelsey's motives in failing to disclose his claim against Waste Management in his bankruptcy schedules. Because triable issues of fact exist regarding the defense of judicial estoppel, summary judgment was improper. (*Id.* at p. 1183.)

Reversed. Kelsey shall receive costs on appeal.

McGuiness, P. J., and Corrigan, J., concurred.

Respondents' petition for review by the Supreme Court was denied February 16, 2000.