**In re Kay E. BOWKER, Debtor.**

**Bankruptcy No. 99–55607 (RTL).**

United States Bankruptcy Court,
D. New Jersey.

Feb. 10, 2000.

Robert M. Wood, by Frances Gambardella, Manasquan, NJ, for Standing Chapter 13 Trustee.

Kasen, Kasen, & Braverman, P.C., Francine Stein Kasen, Cherry Hill, NJ, for the Debtor.

## OPINION

RAYMOND T. LYONS, Bankruptcy Judge.

The standing chapter 13 trustee, Robert M. Wood (the "Trustee"), sought court authorization to retain Andres & Berger, P.C. as special counsel to the Trustee to pursue a personal injury action. The court *sua sponte* questioned whether the Trustee had standing to pursue a personal injury action on behalf of the chapter 13 es-

tate. Section 1306(b) [1] of the Bankruptcy Code provides that the debtor shall remain in possession of property of the estate and § 1303 provides that the debtor has the right to use property of the estate to the exclusion of the trustee. The court concludes that in a chapter 13 bankruptcy case, it is the debtor, and not the trustee, who has standing to retain special counsel to prosecute litigation that is property of the estate. For the reasons set forth below, the Trustee's motion requesting authorization to retain special litigation counsel is denied; however, the debtor will be permitted to retain special counsel.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. §§ 157(a) and (b)(1) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 referring all cases under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O) relating to administration of the estate.

## FACTS

Kay E. Bowker (the "Debtor") filed a petition for relief under chapter 13 of the Bankruptcy Code on May 12, 1999. On Schedule B of her petition, she listed a potential personal injury claim with an unknown value. A confirmation order had not yet been entered at the time of the subject motion. Prior to filing her chapter 13 petition, the Debtor entered into a contingency fee arrangement with Andres & Berger, P.C. Shortly after its initial engagement by the Debtor, but prior to the May 1999 bankruptcy filing, Andres & Berger, P.C. filed a complaint in the Superior Court of New Jersey asserting a personal injury claim on behalf of the Debtor.

On September 20, 1999, bankruptcy counsel to the Debtor filed the instant motion on behalf of the Trustee seeking court approval for the Trustee to retain

---

1. All statutory references contained herein are to the Bankruptcy Code of 1978 as amended, 11 U.S.C. § 101 et seq., unless otherwise indicated.

Andres & Berger, P.C., as special counsel to the Trustee. In his certification in support of the proposed retention, the Trustee stated that he "believes it is advantageous to the debtor's estate as well as for creditors of the debtor's estate for Kenneth G. Andres, Jr., Esquire to continue to prosecute this action as special attorney for the trustee." Coincidentally, the Debtor filed an affidavit in support of the Trustee's application to retain special counsel, however, she requested "the Court to enter an Order authorizing the employment of Kenneth G. Andres, Jr., Esquire as Special Counsel for *me*." (emphasis added)

The court asked the parties to brief the issue of standing. In their briefs, the Trustee and the Debtor argued that the Trustee was the appropriate party to retain special counsel in a chapter 13 case. After reviewing the case law, and hearing the arguments of counsel, the court denied the Trustee's motion, but authorized the Debtor to retain special counsel. This opinion supplements the reasons enunciated on the record at the hearing of this matter.

### DISCUSSION

The issue is whether a chapter 13 trustee has standing to pursue prepetition litigation that is property of the chapter 13 estate. If the trustee does not have standing there is no reason to approve retention of special counsel for the trustee. Those courts that have decided this question have come to three distinct conclusions: (1) the chapter 13 trustee has the exclusive standing to sue on behalf of the estate [2]; (2) the chapter 13 debtor and the trustee have concurrent authority to proceed on behalf of the estate [3] or (3) the debtor alone has the necessary standing to prosecute litigation on behalf of the bankruptcy estate [4]. This court concludes that it is the debtor alone who has the authority to retain special counsel and pursue a cause of action that is property of the chapter 13 bankruptcy estate.

When a chapter 13 petition is filed, a bankruptcy estate is automatically created. §§ 541(a) and 1306(a). The estate contains both the tangible and intangible property of the debtor, including causes of actions. *Neville v. Harris*, 192 B.R. 825 (D.N.J.1996); *Cain v. Hyatt*, 101 B.R. 440 (E.D.Pa.1989). The estate is very broadly defined and consists of "all legal or equitable interests of the debtor in property." [5] See *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). When the Debtor filed her bankruptcy petition, her personal injury cause of action became part of her chapter 13 estate.

Section 1306(b) of the Bankruptcy Code states that "[e]xcept as provided in a confirmed plan or order confirming a

---

**2.** *Richardson v. United Parcel Serv.*, 195 B.R. 737 (E.D.Mo.1996); *Northrup v. Ben Thompson Enters. (In re Northrup)*, 220 B.R. 855 (Bankr.E.D.Pa.1998); *Gardner v. Tyson (In re Gardner)*, 218 B.R. 338 (Bankr.E.D.Pa.1998) and *Bryer v. Hetrick (In re Bryer)*, 216 B.R. 755 (Bankr.E.D.Pa.1998).

**3.** *Cable v. Ivy Tech State College*, 200 F.3d 467 (7th Cir.1999); *Donato v. Met. Life Ins. Co.*, 230 B.R. 418 (N.D.Cal.1999); *Travelers Indem. Co. of Ill. v. Griner (In re Griner)*, 240 B.R. 432 (Bankr.S.D.Ala.1999) and *In re Wirmel*, 134 B.R. 258 (Bankr.S.D.Ohio 1991).

**4.** *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194 (3d Cir.1991); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513 (2d Cir.1998); *Merchants & Farmers Bank v. Vail*, 1996 WL 819806 (N.D.Ala.1996); *In re James*, 210 B.R. 276 (Bankr.S.D.Miss.1997); *Kelsey v. Waste Management of Alameda County*, 76 Cal.App.4th 590, 90 Cal.Rptr.2d 510 (1999) and *Dance v. Louisiana State Univ. Med. Ctr.*, 749 So.2d 870 (La.Ct.App. 1999).

**5.** Section 541 provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

plan, the debtor shall remain in possession of all property of the estate." Furthermore, § 1303 gives the debtor the right to use property of the estate to the exclusion of the trustee.[6] As a result, "[i]t can be argued that a debtor's right to 'use' property of the estate would include the debtor's right to continue to prosecute or defend a cause of action that became property of the Chapter 13 estate." 1 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY § 3.45, at 3–38 (2d ed.1994).

■ The debtor's right to possession and use of property in a chapter 13 case is quite different from a chapter 7 case. Upon filing a chapter 7 bankruptcy case, a trustee is appointed by the United States Trustee to represent the estate and its creditors. The primary duty of the chapter 7 trustee is to "collect and reduce to money property of the estate...." 11 U.S.C. § 704(1). This power includes the right of the trustee to take over the prosecution of any prepetition lawsuits the chapter 7 debtor had as of the date of filing. *Cain v. Hyatt,* 101 B.R. at 442 (citations omitted); *Greene v. Wilson–Greene (In re Greene),* 1999 WL 138905, at *4 (Bankr. E.D.Pa.1999). In contrast, a chapter 13 trustee does not take custody or control of estate property except for the payments made to the trustee under the chapter 13 plan. In a chapter 13 case, much like a chapter 11 case, the debtor remains in sole possession and control of property of the estate. *NORTON BANKRUPTCY LAW AND PRACTICE 2D* states that "[i]n a liquidation case under Chapter 7, as well as in a reorganization case under Chapter 11 where a trustee has been appointed, the debtor is required to surrender to the trustee all property of the estate. This is not true in a Chapter 13 case. Code § 1306(b) nullifies the effect of Code § 521(4)." 5 WILLIAM L. NORTON, JR., *NORTON BANKRUPTCY LAW AND PRACTICE 2D* § 117:1, at 117–3 (2d

ed.1994). Since the chapter 13 debtor retains possession of his or her property, the role of the chapter 13 trustee is different from that of the chapter 7 trustee. The "basic role [of a chapter 13 trustee] is to review plans, advise the Court with respect to plans and act as a disbursing agent under confirmed plans...." *Freeman v. Eli Lilly Fed. Credit Union (In re Freeman),* 72 B.R. 850, 854 (Bankr. E.D.Va.1987), citing *In re Einoder,* 55 B.R. 319, 323 (Bankr.N.D.Ill.1985).

As stated above, the case law has arrived at three different conclusions regarding standing. A review of the decisions follows.

### 1. *Debtor alone has standing*

In dicta the Court of Appeals for the Third Circuit expressly recognized the authority of a chapter 13 debtor to prosecute a cause of action that is property of the estate. *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194 (3d Cir.1991). In the opinion following rehearing, Judge Nygaard wrote in a footnote:

> Michael Gill's capacity to continue prosecuting his claims against appellants after filing his bankruptcy petition is not challenged, nor should it be. Chapter 13 debtors are empowered to maintain suit even after a bankruptcy trustee has been appointed in their case: an essential feature of a chapter 13 case is that the debtor retains possession of and may use all the property of his estate, including his prepetition causes of action, pending confirmation of his plan.
>
> > Section 1303 of the Bankruptcy Code specifies rights and powers over estate property that the chapter 13 debtor has exclusive of a chapter 13 trustee, whose rights and duties are defined by § 1302 of the Code.
> >
> > The legislative history underlying § 1303 makes clear that although the

6. Section 1303 provides:
   **Rights and powers of debtor.** Subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title.

enumerated powers granted by that section do not expressly include a chapter 13 debtor's right to sue and be sued, Congress intended such debtor would have power to maintain suit on his own behalf.

*Id.* at 1209 n. 2.

The legislative history of § 1303 of the Code, referred to by Judge Nygaard, supports the conclusion that the chapter 13 debtor has the right to retain counsel to pursue litigation after filing bankruptcy. "Section 1303 of the House Amendment specifies rights and powers that the debtor has exclusive of the trustees. The section does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although section 1323 (sic, presumably 323) is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued." 124 Cong. Rec. H. 11, 106 (daily ed. Sept. 28, 1978); S. 17,423 (daily ed. Oct. 5, 1978). As one of the leading scholars on chapter 13 states, "[t]hough there is no specific section of Chapter 13 authorizing the debtor to commence or continue lawsuits by or against the debtor, it is generally recognized that the debtor is the proper party to sue or be sued in a Chapter 13 case." 1 LUNDIN, CHAPTER 13 BANKRUPTCY § 3.45, at 3–37 to 3–38 (footnote omitted).

The Court of Appeals for the Second Circuit held that a chapter 13 debtor has standing to litigate causes of action that are property of the estate. *Olick v. Parker & Parsley Petroleum Co.,* 145 F.3d 513 (2d Cir.1998). In that case the debtor had a claim for fees and expenses in a class action suit that had been settled prior to his filing a petition under chapter 13 of the Bankruptcy Code. The debtor appealed a partial denial of his fee application by the district court. The Second Circuit held that the debtor had standing to pursue his claim for fees and expenses in the class action even after filing for chapter 13 relief. *Id.* at 515–16.

The bankruptcy court for the Southern District of Mississippi reached the same conclusion in *In re James,* 210 B.R. 276 (Bankr.S.D.Miss.1997). There the debtor was the plaintiff in a prepetition suit, the nature of which was not disclosed in the opinion. He had a contingency fee agreement with his attorney. The debtor/plaintiff's attorney moved in bankruptcy court for approval of a settlement the attorney had negotiated with the defendant. His own client, the debtor/plaintiff, objected to the settlement. The bankruptcy court, citing Judge Lundin's treatise on chapter 13, ruled that the debtor controlled whether and on what terms litigation should be settled. Therefore, the court denied the attorney's motion for approval of a settlement to which his own client objected.

Two recent state court decisions reached the same result. *Kelsey v. Waste Management of Alameda County,* 76 Cal.App.4th 590, 90 Cal.Rptr.2d 510 (1999) and *Dance v. Louisiana State Univ. Med. Ctr.,* 749 So.2d 870 (La.Ct.App.1999).

### 2. *Trustee has exclusive right*

Despite this statutory scheme which keeps a chapter 13 debtor in possession of property of the estate and gives the chapter 13 debtor power to use property of the estate to the exclusion of the standing chapter 13 trustee, some courts have concluded that the trustee has the exclusive right to pursue litigation in a chapter 13 case. The leading case is *Richardson v. United Parcel Service,* 195 B.R. 737 (E.D.Mo.1996). In that case a chapter 13 debtor brought an employment discrimination case in the United States district court. The defendant moved to dismiss on several grounds including lack of standing. In response to the motion, the debtor/plaintiff conceded that he lacked standing. Without mentioning either § 1306(b) or § 1303 and citing only chapter 7 cases for authority, the district court concluded that since the cause of action was estate property "the bankruptcy trustee steps into the shoes of the debtor for purposes of

asserting or maintaining the debtor's causes of action. Therefore, unless the trustee abandons the property, only the trustee is authorized to pursue a cause of action." *Id.* at 739. (citations omitted). Nevertheless, the court denied the motion to dismiss and referred the proceeding to the bankruptcy court to permit the trustee to intervene.

In 1998 a bankruptcy court in the Eastern District of Pennsylvania issued three opinions relying on *Richardson* for the proposition that the standing chapter 13 trustee had to be named as a plaintiff in litigation initiated by the chapter 13 debtor. The first was *Bryer v. Hetrick (In re Bryer)*, 216 B.R. 755 (Bankr.E.D.Pa.1998) issued January 8, 1998. In that case the debtor-wife in a chapter 13 case sought recovery from her ex-husband of mortgage payments allegedly improperly credited against support obligations. Since the debtor was seeking affirmative relief, the court, *sua sponte,* entered an order requiring the joinder of the standing chapter 13 trustee as a party to the proceeding. No discussion of the standing issue is set forth in the opinion. The court merely cites 11 U.S.C. § 323, *Richardson* and two chapter 7 cases. *Id.* at 759.

One month later in February 1998, the same bankruptcy judge wrote "that the Trustee's status as representative of the estate requires that he be the party suing to assert any pre-petition causes of action asserted by Chapter 13 debtors." *Gardner v. Tyson (In re Gardner)*, 218 B.R. 338, 342 (Bankr.E.D.Pa.1998). The court was referring to § 323 which names the trustee as representative of the estate.[7] Apparently the court believed that § 323 mandates that the trustee represent the estate in litigation. The legislative history of § 323 reveals no such mandate. In fact a contrary result is suggested. The legislative history of § 323 reads:

Subsection (a) of this section makes the trustee the representative of the estate. Subsection (b) grants the trustee the capacity to sue and to be sued. If the debtor remains in possession in a chapter 11 case, section 1107 gives the debtor in possession these rights of the trustee: the debtor in possession becomes the representative of the estate, and may sue and be sued. *The same applies in a chapter 13 case.* (emphasis added).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 326 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 37 (1978). Furthermore, the court did not discuss the legislative history of § 1303 which makes clear that Congress did not mean to deny a chapter 13 debtor the power to sue and be sued. The legislative history of both §§ 323 and 1303 leave little doubt that Congress intended that a chapter 13 debtor retain standing to pursue litigation.

The court in *Gardner* stated its reasons for the holding:

The dual policies behind these standing concepts appear to be that (1) the Trustee's joinder would preclude his subsequently bringing a separate action to vindicate the same rights as the Debtor, thus subjecting the Defendants to potential multiple claims for the same conduct, in violation of Federal Rule of Bankruptcy Procedure 7019, incorporating Federal Rule of Civil Procedure 19(a)(2)(ii); and (2) it permits the Trustee to preserve scarce estate assets by prosecuting only those claims which the Trustee deems to be of sufficient merit to justify such treatment.

*Gardner,* 218 B.R. at 342. No mention was made of the Third Circuit's footnote in *Maritime Electric.*

---

7. Section 323 provides:
   **§ 323. Role and capacity of trustee.**
   (a) The trustee in a case under this title is the representative of the estate.

(b) The trustee in a case under this title has capacity to sue and be sued.

*Gardner* is distinguishable from the matter at bar because in *Gardner* the debtor was seeking to avoid a prepetition deed under § 548 as a fraudulent transfer. The debtor named the trustee as a defendant, although no relief was sought against the trustee. The court pointed to a substantial body of opinion holding that only the trustee may assert claims under § 548, except in the limited circumstances of §§ 522(h) and (g)(1). In the Debtor's case before this court, she is not relying on the special avoiding powers of § 548 or any other provision of the Bankruptcy Code. She is pursuing a garden variety tort claim under state law. *Compare with Freeman,* 72 B.R. at 854 (where chapter 13 trustee takes no action, debtor has standing to employ avoidance powers under § 544(a)).

Then in April 1998 the same bankruptcy judge addressed the standing issue for the third time. In *Northrup v. Ben Thompson Enterprises (In re Northrup),* 220 B.R. 855 (Bankr.E.D.Pa.1998) the debtor brought an adversary proceeding against a repair shop for turnover of the debtor's vehicle. In the course of a hearing it was revealed that the debtor suffered bodily injury and property damage in an automobile accident and had engaged counsel to pursue his tort claims. In dicta in a footnote, the court stated that the debtor's tort lawyer was advised to name the standing chapter 13 trustee as the plaintiff in any action and that he may need to be appointed special counsel to the trustee to receive compensation. *Id.* at 858 n. 1. *Richardson* and two chapter 7 cases, as well as § 323 were cited by the bankruptcy court as authority for that proposition. Once again no mention was made of §§ 1306(b) or 1303, nor was the Third Circuit's footnote in *Maritime Electric* discussed.

### 3. *The trustee and debtor have concurrent standing*

Several decisions have held that the debtor and trustee have concurrent standing to pursue litigation. In an opinion published December 28, 1999, the Seventh Circuit held that a chapter 13 debtor has standing to pursue an appeal of an action under the Americans with Disabilities Act. *Cable v. Ivy Tech State College,* 200 F.3d 467 (7th Cir.1999). The court noted § 1306(b), which leaves the debtor in possession of property of the estate, then wrote, "[i]t would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate." *Id.* at 473. Further, the court instructed, "[t]he proper practice for creditors and trustees is to allow the debtor-in-possession to exercise the powers assigned by §§ 1306(b) and 541, and sue in his own name for the estate." *Id.* at 474. Following conversion of the case from chapter 7 to chapter 13, the debtor was automatically substituted as the real party in interest. That holding was all that was necessary to resolve the standing issue against the appellee; nevertheless, the court wrote, "[a] motion to substitute the debtor-in-possession or Chapter 13 trustee ... would certainly lend ·clarity to the ongoing litigation." *Id.* at 475. The court also cited FED. R. BANKR.P. 6009 for the proposition that either the debtor or the chapter 13 trustee could prosecute litigation on behalf of the estate. The court of appeals, apparently on its own motion, substituted the chapter 13 trustee as a party in place of the chapter 7 trustee. Such action was not only not necessary for the decision, but in this court's view improper.

In *In re Wirmel,* 134 B.R. 258 (Bankr. S.D.Ohio.1991), the debtor had a civil rights claim when he filed a voluntary petition under chapter 7. The chapter 7 trustee proposed a settlement of the civil rights litigation to which the debtor objected. Before the court ruled on the settlement, the debtor converted his case to chapter 13. The court held that upon conversion the chapter 7 trustee lost all control of the cause of action. The court noted that § 1306 leaves the chapter 13 debtor in possession of property of the

estate and that under § 1327 confirmation of a plan vests all property of the estate in the debtor. Furthermore, the court cited § 1303 which gives the chapter 13 debtor the right to use, sell or lease property of the estate to the exclusion of the trustee and the legislative history of § 1303 stating Congress's intention that the debtor has the power to sue and be sued. In light of the statute and the legislative history the court concluded, "[t]he legislative history of § 323 indicates that a chapter 13 debtor is the proper representative of the estate for litigation purposes, although it would appear to be more accurate to state that a debtor may exercise his power to sue and be sued concurrently with the Trustee." *Id.* at 260. The later phrase is dicta since it was only necessary for the court to find that the chapter 7 trustee lost control of the cause of action once the case was converted to chapter 13.

The United States District Court for the Northern District of California held that a chapter 13 debtor had concurrent standing to pursue a prepetition employment claim against her former employer. *Donato v. Met. Life Ins. Co.,* 230 B.R. 418 (N.D.Cal. 1999). The defendant-employer moved to dismiss the action on the grounds that the chapter 13 debtor lacked standing. Citing two circuit decisions, *Olick v. Parker & Parsley* and *Maritime Electric,* both of which held that the debtor has exclusive standing, the court concluded that the debtor had concurrent standing with the chapter 13 trustee to litigate her prepetition claim. Again, the statement that standing is concurrent was superfluous since the court needed only to find that the debtor had standing in order to deny the employer's motion to dismiss the complaint.

Most recently a bankruptcy court in Alabama denied an insurance company's request to enjoin a chapter 13 debtor from pursuing a prepetition insurance claim. *Travelers Indem. Co. of Ill. v. Griner (In re Griner),* 240 B.R. 432 (Bankr.S.D.Ala. 1999). The debtors filed suit in state court almost two years prior to commencing a chapter 13 bankruptcy case. The insurance company sought an injunction in bankruptcy court alleging that only the chapter 13 trustee had standing to pursue the cause of action after commencement of the bankruptcy case. The court denied the injunction citing §§ 1303 and 1306(b) of the Bankruptcy Code. As the bankruptcy court in *Gardner* did, the court cited § 323 (quoted above at note 7). One might conclude from the statutory language that the chapter 13 trustee is the sole representative of the estate who may sue or be sued. The bankruptcy court in Alabama came to a different conclusion.

> However, the legislative history of § 323 states the contrary. It states that § 323 was intended to grant the trustee the capacity to sue and be sued. If the debtor remains in possession in a chapter 11 case, section 1107 gives the debtor in possession these rights of the trustee: the debtor in possession becomes the representative of the estate, and may sue and be sued. The same applies in a chapter 13 case. H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 326 (1977) U.S.Code Cong. & Admin. News 1977 at pp. 5787, 6283. The legislative history to § 1303 ... 'does not imply that the debtor does not also possess other powers concurrently with the trustee. For example, although section 1323[sic] is not specified in section 1303, certainly it is intended that the debtor has the power to sue and be sued.' 1214 Cong. Rec. H11, 106 (daily ed. Sept. 28, 1978). When the language of a federal statute is unclear, courts look to the intent of Congress for guidance. *Toibb v. Radloff,* 501 U.S. 157, 162, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). When §§ 1303 and 323 are read together, this Court concludes either the trustee or debtor can bring suit in cases such as the Griners or both could be plaintiffs if appropriate or necessary.

*Id.* at 437. Again, to defeat the request for an injunction, the court merely needed

to find that the chapter 13 debtor had standing. The statement that the trustee had concurrent standing was gratuitous dicta.

█ There are practical reasons why the debtor alone should control, and be responsible for, litigation. If the standing chapter 13 trustee were the representative of the estate for litigation purposes it would impose a huge, additional administrative burden. After all, one cannot be a party to litigation without assuming responsibility for its prosecution. The trustee would have to investigate the existence of potential litigation, assess its merits, and make a cost benefit analysis of pursuing the claim. See *Gardner*, 218 B.R. at 342. If litigation was determined to be prudent, the trustee would have to select and retain counsel and might need expert witnesses and investigators. The trustee would incur expenses for filing fees, transcripts and other costs of litigation and would need to be involved in formulating litigation strategy, discovery and negotiating settlement. Eventually the trustee would be involved in trial and possibly appeal. Inevitably disputes would arise between the trustee and the debtor concerning decisions made, and actions taken or not taken by the trustee. In this district each standing chapter 13 trustee has tens of thousands of active chapter 13 cases at any one time. Among those cases are dozens, if not hundreds, of causes of action. To require that the trustee be a party to all litigation on behalf of the chapter 13 estates would subject the trustee to an impossible responsibility.

█ From the debtor's point of view, it makes sense to leave the chapter 13 debtor in charge of litigation. Chapter 13 is a completely voluntary proceeding. A debtor cannot be forced into chapter 13, §§ 303(a) and 706(c), and has the right to forego a discharge and dismiss a case if he or she sees fit. § 1307(b). As the Second Circuit Court of Appeals declared, "in Chapter 13 proceedings (unlike Chapter 7

proceedings) the creditors' recovery is drawn from the debtor's earnings, not from the assets of the bankruptcy estate; it is only the Chapter 13 debtor who stands to gain or lose from efforts to pursue a cause of action that is an asset of the bankruptcy estate." *Olick v. Parker & Parsley*, 145 F.3d at 516. The court went on to conclude that "the trustee's participation in such an action is generally not needed to protect the Chapter 13 creditors' rights." *Id.* Judge Lundin, citing *Wirmel*, stated that "[i]f the Chapter 13 debtor has the exclusive right to 'use' the lawsuit under §§ 1303 and 363, then the debtor should control all aspects of the litigation, including settlement." 1 LUNDIN, CHAPTER 13 BANKRUPTCY § 3.45, at 3–39. "The reality of a filing under Chapter 13 is that the debtors are the true representatives of the estate and should be given the broad latitude essential to control the progress of their case." *Freeman*, 72 B.R. at 854 (citations omitted). Thus, from the perspective of either the debtor or the trustee it makes sense to have the debtor be responsible for litigating causes of action that are property of the estate. That would include engaging special litigation counsel.

### CONCLUSION

For the foregoing reasons, the court concludes that the Trustee does not have standing under the Bankruptcy Code to retain special counsel to prosecute prepetition personal injury litigation on behalf of the chapter 13 estate. The Trustee's motion for approval of counsel will be denied, but the Debtor will be authorized to retain special counsel.[8]

---

8. Query whether a debtor needs court approval to retain litigation counsel. Section 327

which requires prior court approval for retention of professionals by a trustee (or a chapter 11 debtor-in-possession) does not apply to a chapter 13 debtor.