**In re Melanie JOHNSON, Debtor.**

No. 08–16714.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Aug. 17, 2009.

Jonathan I. Krainess, Cleveland, OH, for Debtor.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court is the Debtor's Motion to Appoint Attorney for Personal Injury Claim (the "Motion"). The Chapter 13 Trustee opposes the Motion. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 84 of this District. After considering the pleadings filed by both parties, and conducting a duly noticed hearing, the Court rules as follows:

\*

The relevant facts are undisputed. Debtor filed for Chapter 13 relief on August 29, 2008. This Court confirmed her Chapter 13 Plan on November 21, 2008. On February 25, 2009, the Debtor was involved in an automobile accident and now seeks to prosecute a personal injury action. She asks this Court to approve appointment of her bankruptcy counsel, Jonathan Krainess, to represent her in such action.

* *

* * * *

In support of her Motion, the Debtor relies on Article 10(a) of her confirmed plan, which states that "(u)nless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case." There is nothing in the Order confirming the Debtor's plan that would indicate she does not continue to have possession of estate property. The Debtor cites to *In re Bowker*, 245 B.R. 192, (Bankr.D.N.J.2000), where the court found that a Chapter 13 Trustee did not have standing to retain special counsel to prosecute a personal injury claim on behalf of the estate. The court stated that "[t]he reality of a filing under Chapter 13 is that the debtors are the true representatives of the estate and should be given the broad latitude essential to control the progress of their case." *Id.* at 200 (internal quotations omitted).

In support of his argument that he is the proper party to control the Debtor's personal injury action, the Trustee relies on 11 U.S.C. § 323(b), which states that the trustee has the capacity to sue and be sued. The Trustee argues that the personal injury claim is property of the estate because, pursuant to the Debtor's confirmed plan, property does not revest to her until "discharge, dismissal or completion." (Confirmed Plan, Article 10(a)). The Trustee further alleges that he should control prosecution of the personal injury claim in order to insure that any proceeds are distributed to the Debtor's creditors. That the proceeds should be distributed to creditors, the Trustee argues, is contrary to the Debtor's belief that any proceeds from the personal injury claim will be paid directly to her. (Debtor's Supplement, Ex. A).

* * *

The dispositive issue is whether the Debtor has standing to pursue her personal injury action.

The statutory and rule provisions applicable to resolution of the Debtor's Motion are as follows:

11 U.S.C. § 1306:

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate.

11 U.S.C. § 323. Role and capacity of trustee.

(a) The trustee in a case under this title is the representative of the estate.

(b) The trustee in a case under this title has capacity to sue and be sued.

Legislative history:

Subsection (a) of this section makes the trustee the representative of the estate. Subsection (b) grants the trustee the capacity to sue and to be sued. If the debtor remains in possession in a chapter 11 case, section 1107 gives the debtor in possession these rights of the trustee: the debtor in possession becomes the representative of the estate, and may sue and be sued. The same applies in a chapter 13 case.

*H.R.Rep. No. 95–595*, 95th Cong., 1st Sess. 326 (1977); *S.Rep. No. 95–989*, 95th Cong., 2d Sess.

11 U.S.C. § 1302:

(b) The Trustee shall——

(1) perform the duties specified in sections 704(2), 704(3), 704(4), 704(5), 704(6), 704(7), and 704(9) of this title; . . .

Bankruptcy Rule 6009. Prosecution and Defense of Proceedings by Trustee or Debtor in Possession

With or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal.

\* \* \* \* \* \*

■ It is a "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 809, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). A court must therefore interpret the statute "as a symmetrical and coherent regulatory scheme," *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995), and "fit, if possible, all parts into a harmonious whole," *FTC v. Mandel Brothers, Inc.*, 359 U.S. 385, 389, 79 S.Ct. 818, 3 L.Ed.2d 893 (1959). It is a "commonplace of statutory construction that the specific governs the general." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 385, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). Furthermore, it is a "general maxim that the Bankruptcy Code and Rules be construed so that their provisions are harmonious with each other." *Shaw v. Aurgroup Financial Credit Union*, 552 F.3d 447, 457 (6th Cir.2009).

■ Reliance "on the literal language of a portion of a statute is improper if it leads to an interpretation which is inconsistent with legislative intent expressed elsewhere in the statute or legislative history." *Securities and Exchange Commission v. Ambassador Church Finance/Development Group, Inc.*, 679 F.2d 608, 611 (6th Cir.1982). Where "the words are ambiguous, the judiciary may properly use the legislative history to reach a conclusion. And that method of determining congressional purpose is likewise applicable when the literal words would bring about an end completely at variance with the purpose of the statute." *United States v. Public Utilities Commission*, 345 U.S. 295, 315, 73 S.Ct. 706, 97 L.Ed. 1020 (1953).

Herein, the Trustee relies on 11 U.S.C. § 323(b) as justification for his right to control the Debtor's personal injury action. That provision states that a trustee has the capacity to sue and be sued. Because the Debtor elected not to have property of the estate revest at confirmation, the Trustee argues that the personal injury action is property of the estate, and he therefore has standing to pursue such action. (Article 10(a), Confirmed Plan).

Whether the personal injury action is property of the estate, however, does not dispose of the issue of whether the Trustee or the Debtor has standing to prosecute the action. While § 323(b) gives a trustee standing to sue and be sued, 11 U.S.C. § 1302(b)(1) outlines the duties of a Chapter 13 Trustee and specifically provides that the Chapter 13 Trustee shall perform the duties outlined in 11 U.S.C. §§ 704(a)(2)-(7) and (9). Notably absent from 11 U.S.C. § 1302(b)(1) is any reference to 11 U.S.C. § 704(a)(1). Section 704(a)(1) requires a Chapter 7 trustee to "collect and reduce to money the property of the estate for which the trustee serves."

While § 323(b) may be clear on its face, a conflict exists when read in conjunction with § 1302(b)(1). The Trustee is given the power to sue and be sued, yet marshaling the assets of the estate is not one of the Trustee's enumerated duties. Review of the legislative history of § 323 resolves the conflict. Therein, Congress stated that: "(i)f the debtor remains in possession in a chapter 11 case, section 1107 gives the debtor in possession these rights of the

trustee: the debtor in possession becomes the representative of the estate, and may sue and be sued. The same applies in a chapter 13 case." *H.R.Rep. No. 95–595*, 95th Cong., 1st Sess. 326 (1977); *S.Rep. No. 95–989*, 95th Cong., 2d Sess.

■ It is clear, based on this legislative history, that Congress intended for debtors who remain in possession of estate property to pursue causes of action on behalf of the estate. The Trustee's reliance on the literal language of § 323 is inconsistent with this clearly expressed congressional intent. *Securities and Exchange Commission*, 679 F.2d at 611. Furthermore, relying on the legislative history of § 323(b) in this instance "harmonizes" that provision with § 1302(b)(1) and Bankruptcy Rule 6004, which states that a debtor in possession can, with or without court approval, prosecute an action on behalf of the estate. *Shaw*, 552 F.3d at 457. Finally, § 323(b) is a general provision while § 1302(b)(1) is very specific as to the duties of the Trustee. Accordingly, the more specific statute, § 1302(b)(1), governs the general statute, § 323(b). *Morales*, 504 U.S. at 385, 112 S.Ct. 2031. Herein, the Debtor has, pursuant to the terms of her confirmed plan, remained in possession of all estate property, and therefore has standing to prosecute her personal injury action. (Article 10(a), Confirmed Plan).

Although not addressed by the Sixth Circuit, each circuit which has addressed the issue is in accord. *See Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir.2008)(noting differences between Chapter 7 and Chapter 13 debtors and concluding that "[b]ecause of these differences ... Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate."); *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n. 2 (11th Cir.2004)("because Crosby filed un-

der Chapter 13 of the Bankruptcy Code, he retains standing to pursue legal claims on behalf of the estate."); *Cable v. Ivy Tech State College*, 200 F.3d 467, 473 (7th Cir.1999)("It would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit [of] the estate."); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 516 (2d Cir.1998)("The legislative history of § 1303, which sets out the exclusive rights of a Chapter 13 debtor, supports the holding that a Chapter 13 debtor's standing is different [from Chapter 7].")

■ The Trustee's objection to the Debtor's apparent belief that any proceeds from the action will be paid directly to her is premature. (Debtor's Supplement, Ex. A). Currently, there are no proceeds to be distributed. Any objection to such distribution is more appropriately made when the Debtor seeks approval from this Court to compromise her claim.

\* \* \* \*

Accordingly, the Debtor's Motion to Appoint Attorney for Personal Injury Claim is hereby granted. The Trustee's opposition thereto is hereby overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**