41 F.3d 1490
 WEST PENINSULAR TITLE CO., Absolute, Inc., Marion H. Cooper,
for Estate of Alfred R. Cooper, Plaintiffs-Appellees,
v.
PALM BEACH COUNTY, Carol A. Roberts, Chair of Board of
County Commissioners of Palm Beach County,
Defendants-Appellants.
 Nos. 93-4104, 93-4449.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 10, 1995.
 
 Patti A. Velasquez, Asst. County Atty., West Palm Beach, FL, Robert S. Hackleman, Ft. Lauderdale, FL, for appellants in No. 93-4104.
 Sharon M. Pitts, Patti A. Velasquez, Asst. County Atty., West Palm Beach, FL, Robert S. Hackleman, Ft. Lauderdale, FL, for appellants in No. 93-4449.
 Jeffrey A. Aman, Smith, Williams & Bowles, P.A., Tampa, FL, Joan E. O'Dell, Gregory L. Williams, Smith, Williams & Bowles, P.A., Washington, DC, for appellees in both cases.
 Appeals from the United States District Court for the Southern District of Florida.
 Before HATCHETT and EDMONDSON, Circuit Judges, MELTON*, Senior District Judge.
 PER CURIAM:
 
 
 1
 After a jury trial, the district court entered judgment for plaintiffs. Defendants raise several arguments, hoping mainly to void concessions made in district court in the joint pretrial stipulation. The district court is affirmed.
 
 
 2
 The controversy concerns the ownership of strip parcels (roads and ditches) offered by Palm Beach Farms for dedication to Palm Beach County in 1912. A 1976 instrument entitled "Notice of Withdrawal of Platted Roads, Streets, and Other Unexercised Rights" revoked the offer of dedication. In 1986, pursuant to local Ordinance No. 86-18 (the "Ordinance"), defendant Palm Beach County (the "County"), began a practice of selling easement and right of way interests in property originally acquired through dedication. In return for a "privilege fee," the County issued an abandonment resolution, which, when recorded, transferred ownership of the parcel to the payor of the fee. This dispute began when the County attempted to collect fees in exchange for abandonment resolutions for parcels that, according to plaintiffs, had never been accepted by the County.
 
 
 3
 Plaintiffs, claiming that they were successors in interest to Palm Beach Farms (and thus owners of the strip parcels), challenged the County's practice as an unconstitutional taking--under the Fifth and Fourteenth Amendments--of their property.[1] The County conceded that it never expressly accepted the dedication; but, at trial, the County attempted to show that it had impliedly accepted the dedication by using the strip parcels. The jury found for plaintiffs, deciding that the County had not accepted the 1912 offer of dedication within a reasonable time. The district court entered judgment for plaintiffs: plaintiffs were judged the fee simple owners of the pertinent strip parcels; defendants were enjoined from applying the Ordinance to plaintiffs' property; and plaintiffs were awarded attorney's fees. Defendants appeal.
 
 
 4
 The County now contests plaintiffs' standing, arguing that plaintiffs could not possibly own the strip parcels (and thus have no interest at stake). But given plaintiffs' allegations and the County's stipulations in the district court, the record supports both standing and jurisdiction. A "case or controversy" exists in this case because the parties genuinely disputed ownership of the strip parcels in the district court. The County stipulated to plaintiffs' chain of title, agreeing that plaintiffs were successors in interest to Palm Beach Farms. The controversy was thus limited to a decision about whether the offer of dedication was accepted.[2] Plaintiffs have standing to challenge the application of the Ordinance to what they assert is their property.
 
 
 5
 But the County insists that adjoining landowners own the strip parcels, citing Murrell v. United States, 269 F.2d 458 (5th Cir.1959), as an alternative to 16.33 Acres. This decision is not about standing: what the County is really arguing is that plaintiffs failed to join indispensable parties. Amicus Boywic Farms agrees, arguing that it was harmed by the entry of judgment in favor of plaintiffs. Because the district court could only determine who, as between plaintiffs and the County, had the better claim to the strip parcels, amicus is not bound by the district court's order. It was no abuse of discretion for the district court to refuse to dismiss this case for failure to join indispensable parties. The County, as movant, had the burden "to show the nature of the unprotected interests of the absent parties," 5A Wright & Miller, Federal Practice and Procedure Sec. 1359; yet, the County's citation to the record reveals only that it established the existence of adjoining landowners (not the nature of allegedly unprotected interests).
 
 
 6
 And, plaintiffs' "arbitrary and capricious" due process claim is ripe.[3] Plaintiffs accused the County of applying an arbitrary and capricious action (asserting ownership to the strip parcels and recording abandonment resolutions which transferred title) to their property. Plaintiffs' claim was ripe as soon as the County applied the ordinance and the petition process (including a $400 nonrefundable application fee) to the undedicated strip parcels. See Eide v. Sarasota County, 908 F.2d 716, 724 n. 13 (11th Cir.1990).
 
 
 7
 The County argues that no subject matter jurisdiction exists because plaintiffs' claims are so frivolous. But the course of litigation and stance of the County in district court undercuts its claim of frivolousness. We also note that the pretrial stipulation plainly reads that "[n]either party contests subject matter ... jurisdiction."[4] If the County actually thought plaintiffs' claims were frivolous, it should not have so willingly conceded facts giving rise to jurisdiction in the stipulation. Because the district court had subject matter jurisdiction over plaintiffs' federal claims, the court did not err by including plaintiffs' state claims for declaratory relief--pendent jurisdiction was proper.
 
 
 8
 The County also argues that the district court erred by interpreting the stipulation as a "winner-take-all" proposition. That is, the County says it reserved a right to make several arguments, after the jury's fact finding, by referring to "undisposed of motions" in the stipulation. We disagree. The parties agreed that the jury's conclusion would "be outcome determinative of all of the federal and state claims." The County does not argue that it was unfairly duped into signing the stipulation. And, we owe great deference to the trial judge's interpretation and enforcement of pretrial stipulations. See Morrison v. Genuine Parts Co., 828 F.2d 708 (11th Cir.1987); Hill v. Nelson, 676 F.2d 1371, 1373 n. 8 (11th Cir.1982). In the light of the stipulations, the district court did not err when it refused to entertain the County's post-verdict motions.
 
 
 9
 Defendants raise other arguments, none of which present grounds for reversal. The district court's judgment is AFFIRMED.
 
 
 
 *
 Honorable Howell W. Melton, Senior U.S. District Judge for the Middle District of Florida, sitting by designation
 
 
 [1]
 Application of the Ordinance, according to plaintiffs, put a "cloud" on plaintiffs' title because title to the strip parcels was transferred to the payor of the privilege fee. Plaintiffs' property was, in other words, not transferable so long as the County continued to demand fees for the "abandonment" of property it never owned
 
 
 [2]
 "[S]tanding cannot be waived and may be asserted at any stage of litigation." Harris v. Evans, 20 F.3d 1118, 1121 n. 4 (11th Cir.1994) (en banc). We disagree with the County's argument that plaintiffs' ownership claim is so obviously frivolous that standing could not possibly exist, regardless of stipulated facts pointing to standing. In support of this claim, the County cites the allegedly "remarkably similar" case of United States v. 16.33 Acres of Land, 342 So.2d 476 (Fla.1977), as binding precedent denying plaintiffs' ownership claim. But 16.33 Acres is distinguishable because in that case the government expressly accepted the offer of dedication. Id. at 479
 
 
 [3]
 Because we conclude that plaintiffs' arbitrary and capricious due process claim was ripe, we say nothing about whether plaintiffs' additional constitutional claims were ripe. We do note, however, that plaintiffs were not granted relief pursuant to a specific claim. Instead, the County stipulated that plaintiffs would be entitled to the remedies requested if plaintiffs prevailed on any of the disputed fact issues
 
 
 [4]
 Parties may not stipulate jurisdiction. Bush v. United States, 703 F.2d 491, 494 (11th Cir.1983). And we do not say that jurisdiction was proper because jurisdiction was stipulated. Instead, we look to the record; we affirm the district court's conclusion that the stipulated facts give rise to jurisdiction. For example, the County argues frivolousness by pointing to purported transfers--by plaintiffs' predecessors in interest--that the County says are null and void. But the County stipulated to plaintiffs' chain of title; and, the County agreed that it was undisputed that "plaintiffs are the successors in interest to the Palm Beach Farms Company." The record was set in district court