**Patricia A. BICKFORD, Plaintiff,**

v.

**PONCE DE LEON CARE CENTER,
et al., Defendants.**

**No. 95–819–Civ–J–20.**

United States District Court,
M.D. Florida,
Jacksonville Division.

Feb. 9, 1996.

Kara Mort, Jacksonville, FL, for Plaintiff.

Gordon P. Jones, Ponte Vedra Beach, FL, for Trustee in Bankruptcy.

Marc M. Mayo and Jeffrey P. Watson, Coffman, Coleman, Andrews & Grogan, P.A., Jacksonville, FL, for Defendants.

### ORDER

SNYDER, United States Magistrate Judge.

This matter is presently before the undersigned on the Motion for Substitution of Party Plaintiff (Doc. # 8; hereinafter Motion), filed on January 8, 1996. The Motion seeks "the substitution of Gordon P. Jones as Trustee of the Estate of Patricia Ann Bickford as the plaintiff in this action in the stead and place of Patricia Ann Bickford." *Id.* Defendant opposes the Motion, arguing its motion to dismiss, *see* Defendant Healthcare Properties of St. Augustine, Inc.'s Motion to Dismiss and Supporting Memorandum (Doc. # 7; hereinafter Motion to Dismiss), filed on

December 19, 1995, should be granted, after which the Trustee could bring the claims raised in this case. Defendant Healthcare Properties of St. Augustine, Inc.'s Response to Trustee's Motion for Substitution of Party Plaintiff (Doc. # 12; hereinafter Response), filed on January 24, 1996, at 2. According to the Statement Per Local Rule 3.01(g) for Motion for Substitution of Party Plaintiff (Doc. # 11), filed on January 18, 1996, Plaintiff has not agreed to the relief sought by the Trustee, and the time for filing an opposition to the Motion has expired. *See* Rule 3.01(b), Local Rules, United States District Court, Middle District of Florida (hereinafter Local Rules).

Patricia A. Bickford brings this cause alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended. Complaint and Demand for Jury Trial (Doc. # 1; hereinafter Complaint), filed on August 18, 1995, at 1. It is claimed she was demoted in March 1994, and subsequently terminated in April of the same year, because "she refused to sign a termination on a[n] African–American employee without cause." *Id.* at para. 8. Plaintiff Bickford further asserts Defendants presented libelous statements to a state department or agency "in an attempt to harm Plaintiff's good name or professional nurse's license." *Id.* at para. 23. The Complaint states an action was timely filed with the Equal Employment Opportunity Commission (hereinafter EEOC) in July 1994 and an EEOC Notice of Right to Sue was received on April 20, 1995.[1] *Id.* at paras. 9, 10.

■■■■■ Plaintiff's claims originated upon her termination and the subsequent, allegedly libelous, statements made by Defendants. Her right to bring these claims in federal court accrued upon her receipt of the Notice of Right to Sue from the EEOC, which occurred in April or May of 1995. *See* Complaint at para. 10; Notice of Right to Sue attached to Complaint. However, on June 6, 1995, Ms. Bickford filed with the United States Bankruptcy Court for the Middle District of Florida a Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. *See* Exhibit "A" attached to Motion to Dismiss. Under 11 U.S.C. § 541(a)(1), "[p]roperty of the bankruptcy estate includes causes of action belonging to the debtor at the time the case is commenced." *In re Stat–Tech Intern. Corp.,* 47 F.3d 1054, 1057 (10th Cir.1995). This includes employment discrimination claims brought pursuant to Title VII of the Civil Rights Act of 1964, *In re Carson,* 82 B.R. 847, 851 (Bankr.S.D.Ohio 1987), under which Plaintiff seeks relief in this case. Because the cause of action is included in the bankruptcy estate, it may be pursued only by the Trustee. *Id.*

Defendant contends that, since this matter may be brought only by the Trustee, Ms. Bickford has no standing to bring this case and it must, therefore, be dismissed. *See* Motion to Dismiss at 6; Response at 2. However, Rule 17(a) of the Federal Rules of Civil Procedure specifically states, in pertinent part, as follows:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The Trustee in bankruptcy, through the filing of the instant Motion, has indicated no present intent to abandon this case, nor is there any evidence of record that abandonment has been ordered by the United States Bankruptcy Court. *See Cain v. Hyatt,* 101 B.R. 440, 442–43 n. 1 (E.D.Pa.1989). As such, the Court finds substitution of Gordon P. Jones as Trustee of the Estate of Patricia Ann Bickford, as Plaintiff, for Patricia A. Bickford, is the proper course of action.

Thus, pursuant to Rules 17(a) and 25(c), Federal Rules of Civil Procedure, the Motion (Doc. # 8) is **GRANTED.** The Clerk of the

---

1. The Court notes the EEOC Notice of Right to Sue, attached to the Complaint, is dated May 18, 1995. Whether the Notice of Right to Sue was received in April or May of 1995 is immaterial with regard to the issue now before the Court.

Court shall change the style of the case accordingly.

The Trustee is reminded no opposition, as permitted by Local Rule 3.01(b), has been submitted in response to Defendant's Motion to Dismiss, which raises an issue not addressed within this Order. *See* Motion to Dismiss at 6–8. The Trustee shall file a response to the Motion to Dismiss on or before February 23, 1996.

**DONE AND ORDERED.**