**Lamont RICHARDSON, Plaintiff,**

v.

**UNITED PARCEL SERVICE, Defendant.**

**No. 4:95CV00863 GFG.**

United States District Court,
E.D. Missouri,
Eastern Division.

May 24, 1996.

Eric E. Vickers, Vickers and Associates, University City, MO, for plaintiff.

Daniel K. O'Toole, David W. Welch, Armstrong and Teasdale, St. Louis, MO, for defendant.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on defendant's motion to dismiss. Defendant argues that plaintiff lacks standing to prosecute this action and the Court lacks jurisdiction over the case because plaintiff filed for bankruptcy under Chapter 13 of the Bankruptcy Code in May of 1992 and failed to list this potential cause of action as an asset in the Schedule of Assets and Liabilities filed with the Bankruptcy Court. Defendant also argues that plaintiff should be estopped from maintaining this action because he did not list it on his Schedule of Assets.

In response, plaintiff concedes that he lacks standing to pursue the action in his own name. Plaintiff argues that the case should not be dismissed. Instead, plaintiff contends the case should be stayed so that he can amend his bankruptcy petition to include this action as an asset and amend his complaint to name the bankruptcy trustee as a party under Fed.R.Civ.P. 19. Plaintiff further maintains that estoppel does not apply because his bankruptcy case is still open and the bankruptcy trustee may be joined as a party.

Pursuant to 11 U.S.C. § 521(1), all bankruptcy debtors must "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs." The bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the

case." 11 U.S.C. § 541(a)(1). Chapter 13 expands the definition of estate property to include "all property ... specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed." 11 U.S.C. § 1306(a)(1).

 Causes of action which belong to the debtor, including employment discrimination claims, are estate property. *See In re Ozark Restaurant Equip. Co., Inc.,* 816 F.2d 1222, 1225 (8th Cir.), *cert. denied,* 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987); *Bickford v. Ponce De Leon Center,* 918 F.Supp. 377, 378 (M.D.Fla.1996); *Harris v. St. Louis Univ.,* 114 B.R. 647, 648 (E.D.Mo. 1990). Accordingly, the bankruptcy trustee steps into the shoes of the debtor for purposes of asserting or maintaining the debtor's causes of action. *In re B.J. McAdams,* 66 F.3d 931, 935 (8th Cir.1995). Therefore, unless the trustee abandons the property, only the trustee is authorized to pursue a cause of action. 11 U.S.C. § 323; *Harris,* 114 B.R. at 648–49; *Cain v. Hyatt,* 101 B.R. 440, 441 (E.D.Pa.1989).

Here, the Bankruptcy Court records indicate that plaintiff failed to list this cause of action on his schedule of assets and liabilities notwithstanding the fact that the action allegedly accrued in February of 1992 (although it was not filed until May 16, 1995). The records also indicate that a trustee has been appointed in the bankruptcy action. Plaintiff therefore lacks standing to pursue this employment discrimination action in his own name.

 More troubling to the Court, however, is whether plaintiff should be judicially estopped from pursuing the action due to his failure to list it as an asset. "A long-standing tenet of bankruptcy law requires one seeking benefits under its terms to schedule, for the benefit of creditors, all his interests and property rights." *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 416 (3rd Cir.), *cert. denied,* 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988). The doctrine of judicial estoppel precludes "a party from assuming a position in a legal proceeding inconsistent with one previously asserted." *Id.* at 419. "It is a generally recognized proposition that one cannot play fast and loose with the courts." *Payless Wholesale Dist., Inc. v. Albert Culver (P.R.) Inc.,* 989 F.2d 570, 571 (1st Cir.) (internal quotation omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 344, 126 L.Ed.2d 309 (1993). Numerous courts, including this one, have held that omission or nondisclosure of a cause of action as an asset in a bankruptcy schedule provides an appropriate basis for imposition of judicial estoppel. *Id.* at 571–72; *Hay v. First Interstate Bank,* 978 F.2d 555, 557 (9th Cir.1992); *Oneida,* 848 F.2d at 419–20; *Management Investors v. United Mine Workers,* 610 F.2d 384, 391–93 (6th Cir.1979); *Jim Meagher Chevrolet, Inc. v. General Motors Corp.,* No. 4:93CV2385 GFG (E.D.Mo. Aug. 26, 1994); *In re H.R.P. Auto Center, Inc.,* 130 B.R. 247, 254–55 (Bankr.N.D.Ohio 1991).

Plaintiff maintains that the action should not be dismissed because the trustee can easily be joined and because the bankruptcy case is still open. Defendant replies that allowing plaintiff to pursue his claim through the bankruptcy trustee after failing to disclose the claim on his schedule of assets would encourage bankruptcy fraud by eliminating the disincentive for concealing claims. According to defendant, debtors would have no reason to list all claims on a schedule of assets and liabilities if the only penalty for the failure to disclose is prosecution of the claim by the trustee.

Though defendant's arguments are persuasive, they fail to take into account the interests of plaintiff's creditors. Those creditors would be penalized if the Court were to dismiss the claim on the ground of judicial estoppel. Moreover, in the cases cited by defendant, the bankruptcy proceedings had concluded, plans had been confirmed, and assets had been distributed. Here, in contrast, based on the materials submitted to the Court, it does not appear that plaintiff's bankruptcy plan has been confirmed or that plaintiff's assets have been distributed. Under these circumstances, the Court believes that dismissal on the ground of estoppel is not "the most reasonable solution to the problem presented by this case." *Management Investors,* 610 F.2d at 392. The Court in no way condones plaintiff's actions.

■ Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." Bankruptcy judges "may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." *Id.*, § 157(c)(1). This Court has promulgated a local rule governing bankruptcy matters which provides in pertinent part that "[a]ll cases under Title 11 ... and all proceedings ... arising in or related to a case under Title 11, are referred to the bankruptcy judges for this district, who shall exercise the full extent of the authority conferred upon them." E.D.Mo.L.R. 9.01(B)(1). Plaintiff's employment discrimination case is related to the bankruptcy as it could conceivably have an effect on the estate being administered in the bankruptcy. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir.1995); *In re Vinci*, 108 B.R. 439, 441 (Bankr. S.D.N.Y.1989) (debtor's § 1983 action related to case under title 11 within meaning of § 157(c)). Accordingly, the Court must refer this case to the Bankruptcy Court for further proceedings.

In view of the foregoing, the Court will deny defendant's motion to dismiss for lack of standing without prejudice. The Court will also deny defendant's motion to dismiss on the ground of judicial estoppel without prejudice to defendant's right to reassert it during the proceedings in Bankruptcy Court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of standing is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss this action on the ground of judicial estoppel is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this action is referred to United States Bankruptcy Judge Barry S. Schermer for further proceedings in conjunction with *In re Lamont Richardson et al.*, No. 92–43265–399.