Kenneth TAYLOR, Plaintiff,

v.

COMCAST CABLEVISION
OF ARKANSAS, INC.,
Defendant.

No. 4:01CV783GH.

United States District Court,
E.D. Arkansas,
Western Division.

March 12, 2003.

Eileen Woods Harrison, Esq., Little Rock, for Plaintiff.

Carolyn B. Witherspoon, Esq., and Annamary Dougherty, Esq., Little Rock, for Defendant.

## *ORDER*

HOWARD, District Judge.

Plaintiff filed this action under the Americans with Disabilities Act of 1990, alleging that defendant discriminated against him on the basis of his disability by refusing to reasonably accommodate him. Defendant has filed a motion for summary judgment contending that plaintiff is barred from bringing this action because he had an EEOC Charge pending while he filed for bankruptcy which he did not disclose to the bankruptcy court. Defendant raises two arguments:(1) that plaintiff is not the real party in interest under Fed. R.Civ.P. 17(a); and (2) that plaintiff's claim is barred by the doctrine of judicial estoppel.

On March 30, 2000, plaintiff filed a Charge of Discrimination with the EEOC. He was represented by counsel in the EEOC administrative proceeding. He was discharged from his employment with defendant on April 4, 2000. On September 28, 2001, the EEOC issued notice of his right to sue and he filed this action on November 16, 2001.

On August 1, 2001, while the EEOC charge was pending, plaintiff filed a voluntary petition for Chapter 7 bankruptcy. He was represented by an attorney other than the one representing him in this ac-

tion. He failed to list the EEOC administrative proceeding and the possibility of this litigation in his schedule of property. In September 2001, the first creditors meeting was held and the trustee's report was filed, which reflected that plaintiff had no assets. Plaintiff did not inform the bankruptcy court of his EEOC proceeding. Plaintiff did not seek to amend his Chapter 7 bankruptcy petition or his schedule of assets after receiving notice of his right to sue.

On November 15, 2001, the bankruptcy court entered an order discharging plaintiff's debts, pursuant to 11 U.S.C. § 727. Plaintiff states that he did not receive notice of the order of discharge until sometime after November 17, 2001, or after this action was filed. The bankruptcy action was terminated on November 22, 2001.

■ Plaintiff recognizes that his cause of action for monetary damages remains property of the bankruptcy estate.[1] *See United States ex. rel. Gebert v. Transport Admin. Services,* 260 F.3d 909, 913 (8th Cir.2001) (property of bankruptcy estate includes all causes of action debtor could have brought at time of bankruptcy petition). Plaintiff has taken corrective action and has requested that the bankruptcy court reopen the petition. On February 6, 2003, the bankruptcy court granted the motion of plaintiff and the Trustee to reopen the bankruptcy case. Defendant filed a motion for reconsideration of certain findings of the bankruptcy court. The bankruptcy court issued an Order on March 7, 2003, granting defendant's request to strike certain factual findings regarding plaintiff's intent. The effect of the two orders is that as of March 7, 2003, the bankruptcy case has been reopened for the administration of assets of the bankruptcy case including this action. The Trustee

has just filed a motion to intervene in this action pursuant to Fed.R.Civ.P. 24(a).

Rule 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Most courts have interpreted this sentence "as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult." *Wieburg v. GTE Southwest Inc.,* 272 F.3d 302, 308 (5th Cir.2001) (abuse of discretion for district court to dismiss action because Trustee had not brought action where dismissal of action after statute of limitations had expired meant creditors had no possibility of any recovery). Furthermore, the courts have allowed substitution under Rule 17(a) where to do so would be to prevent forfeiture and injustice. *Id. See Pealo v. AAF McQuay, Inc.* 140 F.Supp.2d 233, 237–238 (N.D.N.Y.2001) ("Here, the court does not condone plaintiff's failure to disclose his claims, but finds that the reopening of bankruptcy proceedings and the need to prevent a potential windfall are reasons enough to allow plaintiff to proceed with his claims.")

As discussed below, the Court is persuaded that plaintiff's failure to list the EEOC Charge was an understandable mistake. Dismissal of the action would be unjust as plaintiff's cause of action would be barred by the statute of limitations. As the bankruptcy estate has been reopened, the Trustee can be joined and substituted as party to this action pursuant to Rule 17(a) if necessary. Thus, the Court finds

1. Plaintiff states that he remains the real party in interest to pursue any declaratory or injunctive relief. *See Burnes v. Pemco,* 291 F.3d 1282, 1289 (11th Cir.2002).

that the complaint should not be dismissed for lack of standing.

■ Judicial estoppel applies where a party asserts a claim or position in a legal proceeding that is inconsistent with the claim or position taken by that party in a previous proceeding. *New Hampshire v. Maine,* 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). "Its purpose is to protect the integrity of the judicial process and to prevent parties from playing fast and loose with the courts." *Id.* (citations and internal quotations omitted). Among the factors to be considered are whether the party's later position was "clearly inconsistent" with its earlier position; whether the party "has succeeded in persuading the court to accept that party's earlier position, so that the judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled,: and 'whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment if not estopped.'" *Id.* at 750–751 (citations and internal quotations omitted). *See Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 737 n. 6 (8th Cir.1987) (characterizing party's attempt to take inconsistent positions as "tantamount to a knowing misrepresentation to or even fraud on the court.") The courts generally require that the taking of an inconsistent position be intentional and that the party doing so had the improper motive of seeking an unfair advantage.

■ "[J]udicial estoppel is an equitable doctrine invoked at the court's discretion . . ." *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1287 (11th Cir.2002). It applies when there is intentional or deliberate ma-

nipulation which can be inferred from the record. *Id* (discussing cases). The doctrine should not be invoked where the plaintiff's former position was the product of inadvertence or mistake. *See Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355, 364 (3rd Cir.1996) (refusing to "treat careless or inadvertent nondisclosures as equivalent to deliberate manipulation"). *See also New Hampshire,* 532 U.S. at 753, 121 S.Ct. 1808 ("We do not question that it may be appropriate to resist application of judicial estoppel 'when a party's prior opposition was based on inadvertence or mistake.'")[2]

Debtors have a duty to disclose all legal or equitable interests in property in their bankruptcy petition. This includes all claims or causes of action existing at the time the bankruptcy case is filed. *See* Brown at 202. In his statement of financial affairs filed with the bankruptcy court, plaintiff indicated that he was not involved in any suits or administrative proceedings. Courts have held that the plaintiff's assertion of a claim not disclosed in an earlier bankruptcy proceeding constitutes an assumption of inconsistent positions. *Chandler v. Samford Univ.,* 35 F.Supp.2d 861, 863 (N.D.Ala.1999). Plaintiff argues, however, that judicial estoppel does not apply here because there is insufficient evidence that he intended to deliberately manipulate the judicial system to gain an unfair advantage.

Plaintiff has a high school education and very little knowledge of the legal system. At the time plaintiff filed his bankruptcy petition, he hired a "bankruptcy attorney" on whom he relied to complete the petition. Plaintiff was asked by his bankrupt-

2. For an excellent discussion of the use of ·judicial estoppel to dismiss a debtor's non-bankruptcy cause of action where a debtor failed to list the claim or cause of action as an asset in the bankruptcy case, *see* Hon. Wil- liam Houston Brown, Lundy Carpenter, and Donna T. Snow, *Debtor's Counsel Beware: Use of the Doctrine of Judicial Estoppel in Nonbankruptcy Forums,* 75 Am. Bankr.L.J. 197 (2001) (hereinafter "Brown").

cy attorney if he had a suit pending or a "right to sue." He also contends that at the time he filed the EEOC Charge, he was still employed and he was not seeking damages but wanted the EEOC to investigate his claim that defendant was not reasonably accommodating him. His counsel during the pendency of the EEOC claim did not advise him to disclose the EEOC charge as an "administrative proceeding" in the bankruptcy proceeding and his attorney in the bankruptcy matter did not explain what was meant by "administrative proceeding." According to plaintiff, he did not consider the request for an investigation and a conciliation of the dispute with defendant as an administrative proceeding and did not believe he possessed a "right to sue" until the EEOC had completed its investigation.

Defendant makes much of the timing in this matter to demonstrate that plaintiff had the intent to conceal. Plaintiff refutes this inference, stating that he believed that the bankruptcy matter concluded after the September 11, 2001 hearing. Since he received his Notice of Right to Sue after that, he contends he was not aware that he had any duty to disclose the pending EEOC charge. The transcript of the hearing before the Trustee on September 11, 2001, supports plaintiff's assertion that he did not intend to conceal the pending EEOC Charge. The Trustee questioned plaintiff about his assets, but did not inquire about administrative proceedings. Rather, the questions were limited to whether plaintiff had a claim against anyone for money damages "such as a car wreck" or whether plaintiff was a party in a lawsuit. Plaintiff's counsel was present at the hearing and did not raise the EEOC charge.

Plaintiff states that he believed his bankruptcy concluded at a meeting he had with the Trustee on September 11, 2001. He received his right to sue letter some-

time after September 28, 2001. Plaintiff's debts were discharged by the November 15, 2001 order of the bankruptcy court which plaintiff did not receive until after it was mailed on November 17, 2001.

Plaintiff argues that whether he had a cause of action based on the EEOC Charge involved complex legal issues which plaintiff did not understand. Plaintiff was deposed on March 25, 2002., when he disclosed that he had filed for bankruptcy. Defendant filed its motion for summary judgment on November 18, 2002. Plaintiff immediately attempted to correct the problem by filing a motion to reopen his bankruptcy case on December 5, 2002. As stated above, the bankruptcy court has granted the motions of plaintiff and the Trustee to reopen, and the Trustee has filed a motion to intervene in this action.

Defendant relies heavily on *Burnes*, a case easily distinguishable from the instant one and one where intentional manipulation by the plaintiff was clear. In that case, the plaintiff had filed an EEOC charge after he filed his Chapter 13 bankruptcy proceeding. While the Chapter 13 was pending, the Plaintiff filed an employment discrimination lawsuit seeking both monetary and injunctive relief. The plaintiff did not amend his Chapter 13 schedule or assets or statement of financial affairs to include the lawsuit.

About 10 months later, the plaintiff requested that his Chapter 13 petition be converted to a Chapter 7 case. Although ordered to file amended or updated schedules to the Chapter 7 trustee to reflect any changes, plaintiff did not report the pending lawsuit. The Eleventh Circuit had no problem finding that there was sufficient evidence from which to infer intentional manipulation by the plaintiff. The court further found that the plaintiff stood to gain an advantage by concealing the claims in that it was unlikely that his Chapter 13

would have been converted to a Chapter 7 action, providing for a complete discharge had "his creditors, the trustee, or the bankruptcy court known of a lawsuit claiming millions of dollars in damages." *Id.* at 1288.

■ Generally, in those cases where the courts have applied judicial estoppel, there was evidence to support a finding of intentional misconduct on the part of the plaintiff and a motive to conceal.[3] *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (11th Cir.2003) (plaintiff filed discrimination lawsuit prior to order confirming Chapter 13 plan and failed to amend his petition); *Traylor v. Gene Evans Ford, LLC.* 185 F.Supp.2d 1338, 1340 (N.D.Ga. 2002) (applying judicial estoppel where plaintiff failed to list pending discrimination lawsuit in bankruptcy petition). In *Chandler*, the plaintiff failed to list an EEOC charge when she converted her Chapter 13 proceeding to a Chapter 7 proceeding. The plaintiff was "a well educated individual who has not only taken a course in bankruptcy law, but also testified that bankruptcy law was one of her favorite classes ..." 35 F.Supp.2d at 865.[4]

An overly strict application of judicial estoppel has been criticized as providing a windfall to the alleged wrongdoer and possibly depriving creditors, who are not parties to the nonbankruptcy action, of a potential bankruptcy asset. *See* Brown at 216.

Travelers' (the defendant in the state court proceeding) position is overly harsh and inequitable as well. Every-

one, except Travelers, loses under its theory. If a debtor fails to include assets on his schedules and later seeks to add them, the Bankruptcy Rules allow it "as a matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a). A bankruptcy court has ample powers to punish debtors who wrongfully conceal assets, i.e., sanctions under Fed.R.Bankr.P. 9011, conversion of the case to chapter 7 (§ 1307(c)), revocation of discharge (§ 1328(e)), referral for criminal charges (18 U.S.C. § 152(1), (2), (3), (7)). Travelers position punishes the creditors of the nondisclosing debtor, not just the debtor. The better result is to allow the claim to be prosecuted and collected, order the funds paid toward claims filed in the case, and punish the debtor another way.

*In re Griner*, 240 B.R. 432, 439 (Bkrtcy. S.D.Ala.1999).

Commentators have urged caution in applying the doctrine. "[C]ourts in which judicial estoppel is raised should be urged to consider the effect of dismissal upon creditors of the plaintiff and to analyze whether more appropriate remedies, other than dismissal of the litigation, are available in the bankruptcy court... [C]ourts should not be too quick to deprive the bankruptcy court of its opportunity to decide whether reopening of a closed bankruptcy case would be beneficial to the bankruptcy estate and its creditors." *Brown*, at 227. In a supplement to Judge Brown's article, one commentator stated: "The better rule [than dismissal], and con-

---

**3.** The Court recognizes that a few courts have applied judicial estoppel in some situations where the evidence might be viewed as less clearly supporting a finding of intentional misconduct. *See e.g. Lott v. Sally Beauty Co., Inc.*, 2002 WL 533651 (M.D.Fla.2002) (applying judicial estoppel where plaintiff failed to disclose pending EEOC charge when filed Chapter 13 petition, noting that plaintiff had reviewed petition with her attorney before

submitting it and claimed to have understood it)

**4.** The plaintiff filed another Chapter 13 bankruptcy petition after her Title VII action was filed and had been pending for nine months. She again failed to inform the bankruptcy court of her claims against the defendant. 35 F.Supp.2d at 863.

sistent with Rule 1009 of the Federal Rules of Bankruptcy Procedure, is that the debtor should be liberally allowed to amend the schedules. Further, the best interest of creditors should be a paramount consideration before dismissing the cause of action under the doctrine of judicial estoppel. The trustee should be substituted as the real-party-in-interest to protect the assets of the estate." Thomas E. Ray, *Judicial Estoppel in Chapters 7 and 13,* 21 Am. Bankr.Inst.J. 14, 21 (2002).

The Court is persuaded that the Third Circuit's reasoning in *Ryan* is applicable in this instance. "[J]udicial estoppel is an 'extraordinary remed[y] to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice.' It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts. Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to 'secure substantial equity.'" 81 F.3d at 365 (citations omitted).

The Court cannot find that there is sufficient evidence of an intent on the part of plaintiff to manipulate or deceive. The mere failure to list the EEOC charge in the bankruptcy proceeding will not support a finding of intent. *See Ryan,* 81 F.3d at 364 (refusing to find that requisite intent for judicial estoppel can be inferred from mere fact of nondiscloure in bankruptcy proceeding). Plaintiff relied on the advise of his attorneys to lead him through the intricacies of EEO law and bankruptcy law, nether of whom directed him to make the required disclosures. *See Pealo v. AAF McQuay, Inc.,* 140 F.Supp.2d 233, 237 (N.D.N.Y.2001) (plaintiff's failure inadvertent as relied upon bankruptcy attorney to make the required disclosures). Defendant makes much of the timing in this case, but the evidence reflects that plaintiff filed this action prior to learning of the discharge in bankruptcy. Plaintiff has taken corrective action by seeking to re-open the bankruptcy estate, the results of which could benefit his creditors. Plaintiff's action in this regard supports his position that the omission was inadvertent and that he did not intend to deceive. *See Pealo,* 140 F.Supp.2d at 237 (finding that plaintiff not estopped from pursuing discrimination claim where failed to disclose EEOC charge to bankruptcy court and plaintiff had reopened bankruptcy proceeding and obtained bankruptcy court's permission to proceed with claims).

Accordingly, defendant's motion for summary judgment (document no. 20) and motion for hearing (document no. 43) are denied; plaintiff's motion to add exhibit (document no. 40) and for substitution of official record (document no. 60) are granted.