**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**APRIA HEALTHCARE GROUP, INC., Defendant.**

No. 4:04–CV–443 CAS.

United States District Court, E.D. Missouri, Eastern Division.

July 28, 2004.

---

Barbara A. Seely, Donna L. Harper, Robert G. Johnson, EEOC, St. Louis, MO, for Plaintiff.

Paul Patten, Robert E. Arroyo, Jackson and Lewis, Chicago, IL, for Defendant.

## MEMORANDUM AND ORDER

SHAW, District Judge.

This matter is before the Court on defendant Apria Healthcare Group, Inc.'s motion to dismiss. Plaintiff the Equal Employment Opportunity Commission opposes the motion. For the following reasons, the Court will deny the motion to dismiss.

### Background.

This is an employment discrimination action filed by the Equal Employment Opportunity Commission ("EEOC" or "plaintiff") against Apria Healthcare Group, Inc. ("Apria"), alleging that Apria violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA") when it failed to make reasonable accommodations for and discharged a former quality assurance coordinator because of her disability, bipolar disorder. The complaint seeks injunctive and other relief against Apria and backpay and other damages for the discharged employee.

Apria moves to dismiss the complaint on two grounds. First, it moves to dismiss the portion of the complaint which seeks damages for the former employee, who it identifies as Dawn Ayers, on the basis that Ms. Ayers filed for protection under Chapter 13 of the U.S. Bankruptcy Code and did not list her EEOC charge of discrimination in the bankruptcy schedules. Second, it moves to dismiss the complaint for failure to join a necessary party, the trustee in Ms. Ayers' bankruptcy.

### Legal Standards.

### Rule 12(b)(6).

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of her claim. *Id.; see also Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003).

### Rule 12(b)(7).

■ "When a person needed for just adjudication (as set forth in Rule 19[, Fed.R.Civ. P.]) has not been included in an action, a party may move for dismissal under Rule 12(b)(7). Rather than dismiss the action, the court will usually allow the party to be joined, or grant the dismissal conditioned on reinstating the case once joinder of the absent party is secured. If the party is considered 'indispensable' to the action and cannot be joined, then dismissal is proper." 2 James W. Moore, et al., *Moore's Federal Practice,* § 12.35 (3d ed.2004). The party

moving for dismissal under Rule 12(b)(7) has the burden to show that the absent person should be joined under Rule 19. *Id.; West Peninsular Title Co. v. Palm Beach County,* 41 F.3d 1490, 1492 (11th Cir.), *cert. denied,* 516 U.S. 932, 116 S.Ct. 338, 133 L.Ed.2d 237 (1995).

Rule 19(a), Fed.R.Civ.P., requires joinder of a person amenable to service whose joinder will not destroy jurisdiction if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

### Discussion.

 In support of its motion to dismiss, Apria asserts that the charging party on whose behalf the EEOC has filed suit, Dawn Ayers, filed a Chapter 13 Voluntary Petition for Bankruptcy on July 3, 2003, but did not include her pending EEOC administrative charge in the Statement of Financial Affairs filed in the bankruptcy case.[1] Apria argues that this omission from Ayers' bankruptcy filing merits dismissal of the portion of this action which seeks damages on her behalf, citing *Richardson v. United Parcel Service,* 195 B.R. 737, 739 (E.D.Mo.1996). In the alternative, Apria asserts that this case should be dismissed for lack of standing because any assets derived from it would be-

long to the bankruptcy trustee, citing *Harris v. St. Louis University,* 114 B.R. 647 (E.D.Mo.1990).

The EEOC responds that it is the plaintiff in this action, not Ms. Ayers, and that it sues in the public interest as recognized by the Supreme Court in *General Telephone Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n,* 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). The EEOC states that the Supreme Court has declared that once the EEOC sues, it is the master of its own case. *Equal Employment Opportunity Comm'n v. Waffle House, Inc.,* 534 U.S. 279, 291, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). Plaintiff states that in *Waffle House,* the Supreme Court refused to stay or dismiss the EEOC's lawsuit when the employee for whom suit was brought was required to arbitrate her claims under the Federal Arbitration Act. Plaintiff argues the instant situation is analogous: it is not a party to or bound by the bankruptcy proceedings and its lawsuit should not be dismissed because the employee is a party to the bankruptcy.

The EEOC states that the cases cited by Apria are not controlling: In *Harris v. St. Louis University,* the district court dismissed a Title VII lawsuit because the plaintiff lacked standing to prosecute her claim, as she had earlier filed for bankruptcy under Chapter 7 of the Bankruptcy Code without disclosing that she had a potential claim of unlawful discharge, and the claim belonged to the trustee, not to plaintiff. EEOC states that *Harris* is distinguishable because (1) the EEOC has statutory authority to pursue the case, and (2) *Harris* was a Chapter 7 bankruptcy, which results in the discharge of

---

1. Apria attaches to its motion as exhibits Ms. Ayers's charge of discrimination, the petition filed in Ms. Ayers' Chapter 13 bankruptcy case, and the Statement of Financial Affairs filed in the bankruptcy. In its memorandum in opposition, the EEOC asserts that because Apria attached matters outside the pleadings to its motion to dismiss, the motion must be considered as a motion for summary judgment, citing Rule 12(b), Fed.R.Civ.P., and is thus premature in this newly-filed case. The Court disagrees. "When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no

party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir.2003) (quotation marks omitted). In addition, a district court may take judicial notice of public records and may consider them on a motion to dismiss. *Faibisch v. University of Minnesota,* 304 F.3d 797, 802–03 (8th Cir.2002). The charge of discrimination is alleged in the complaint in this case and therefore may be considered on a motion to dismiss, and the bankruptcy petition and schedules are public records which may also be considered.

debts, as opposed to a Chapter 13 reorganization proceeding such as the one at issue here.

The EEOC states that in *Richardson v. United Parcel Service,* the debtor filed a Chapter 13 reorganization petition but failed to list his potential employment discrimination cause of action in his Schedule of Assets. Nonetheless, the district court denied the defendant's motions to dismiss for lack of standing and jurisdiction, and instead referred the case to the bankruptcy court. Plaintiff argues that as a result, *Richardson* is not authority supporting dismissal of its action. Plaintiff also argues that because it is not a party to Ayers' bankruptcy, and Ayers is not a party to this action, referral to the bankruptcy court is not required under Eastern District Local Rule 9.01(B)(1) and in fact would be improper.

With respect to Apria's claim that plaintiff has failed to join a necessary party, EEOC responds that Apria has not cited any precedent in which an EEOC lawsuit has been dismissed for failure to name the bankruptcy trustee as a necessary party, and notes that an EEOC lawsuit may proceed independent of a bankruptcy action even when a party to the suit files for bankruptcy, citing *Equal Employment Opportunity Comm'n v. Rath Packing Co.,* 787 F.2d 318, 325–26 (8th Cir.), *cert. denied sub nom Rath Packing Co. Creditors' Trust v. Equal Employment Opportunity Comm'n,* 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986).

As an initial matter, the Court agrees with the EEOC that Apria has submitted no authority to support its assertions that (1) damage claims in an EEOC-filed discrimination action may be dismissed on judicial estoppel principles based on the non-party charging party's failure to disclose the underlying administrative charge in bankruptcy proceedings, and (2) the bankruptcy trustee is a necessary party to an EEOC action where the charging party has filed for protection under Chapter 13 of the Bankruptcy Code. Apria's failure to support its assertions alone warrants denial of the motion, and the Court in independent research has not found any cases which support these assertions. Nonetheless, the Court finds it appropriate to discuss aspects of the merits of the motion to dismiss.

## A. Trustee as Necessary Party.

■ The Court will address Apria's alternative argument first. Underlying Apria's assertion that the bankruptcy trustee is a necessary party to the EEOC's action is the premise that a Chapter 13 debtor-in-possession lacks standing to bring suit in her own name on behalf of the bankruptcy estate. The Eighth Circuit Court of Appeals has not addressed this question but at least three other circuits have answered it in the affirmative. *See Cable v. Ivy Tech State College,* 200 F.3d 467, 472–74 (7th Cir.1999); *Olick v. Parker & Parsley Petroleum Co.,* 145 F.3d 513, 515 (2d Cir.1998) (Chapter 13 debtor retains standing to litigate causes of action that, outside of bankruptcy, would belong to the debtor); *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1209 n. 2 (3rd Cir.1991). These rulings are grounded on the legislative history specific to Chapter 13 and the rationale that a trustee's participation is not needed to protect the rights of Chapter 13 creditors, because creditors' recovery in Chapter 13 is drawn from a debtor's earnings rather than from assets of the bankruptcy estate. *See In re Dawnwood Properties/78,* 209 F.3d 114, 116 (2d Cir. 2000).

The Eighth Circuit has discussed the nature of a Chapter 13 bankruptcy estate, significantly noting that creditors are paid from future earnings instead of assets. *Handeen v. Lemaire,* 112 F.3d 1339, 1349 (8th Cir. 1997). The Court stated that as a result, a debtor who meets specified requirements is permitted to "shield his property from seizure or liquidation," *id.,* and unless the repayment plan or bankruptcy court provides otherwise, the debtor retains custody of his possessions. *See* 11 U.S.C. § 1306(b). The Eighth Circuit also observed that it is "the debtor's exclusive prerogative to file a proposed repayment plan, . . . and *he enjoys many of the powers normally reserved to a bankruptcy trustee,* see [11 U.S.C.] § 1303." *Handeen,* 112 F.3d at 1349 (emphasis added). The Court concluded that "the debtor exer-

cises significant control over his Chapter 13 estate." *Id.*

■ Based on the Eighth Circuit's statements in *Handeen*, this Court believes the Eighth Circuit would join those courts which hold that a Chapter 13 debtor-in-possession has standing to bring suit in her own name on behalf of the bankruptcy estate. As a result, the Court rejects Apria's contention that the Chapter 13 trustee is a necessary party to this action.

As Apria observes, this Court has stated in dictum that a Chapter 13 debtor lacks standing to pursue an employment discrimination action in her own name. *See Richardson v. United Parcel Service*, 195 B.R. 737, 739 (E.D.Mo.1996) (J. Gunn). The *Richardson* case, however, supported its conclusion by citing two decisions involving the standing of a Chapter 7 debtor, without discussing the difference between Chapter 7 and Chapter 13 debtors, or the difference in how the estate property is held in different bankruptcy proceedings.[2] Thus, *Richardson* does not recognize the control a Chapter 13 debtor has over her assets. The reasoning of *Richardson* has been rejected or questioned by several other federal courts. *Stansberry v. Uhlich Children's Home*, 264 F.Supp.2d 681, 686 (N.D.Ill.2003), citing *Donato v. Metropolitan Life Ins. Co.*, 230 B.R. 418, 425–26 (N.D.Cal.1999) (finding more persuasive the reasoning of other courts holding that Chapter 13 debtors-in-possession do have standing to bring suit); *In re Bowker*, 245 B.R. 192, 198–99 (Bankr.D.N.J.2000) (holding that debtor and trustee have concurrent standing to sue on behalf of the estate); and *In re Griner*, 240 B.R. 432, 435 n. 1 (Bankr. S.D.Ala.1999) (calling *Richardson* decision a "mistake" because it cited to Chapter 7 case law). This Court therefore declines to extend the dictum in *Richardson* to the separate situation presented by the instant case.

### B. Judicial Estoppel.

■ Apria also asserts that the EEOC is judicially estopped from seeking monetary damages on behalf of charging party Dawn Ayers, because Ms. Ayers did not disclose her EEOC charge of discrimination in her bankruptcy schedules. In support of this assertion, Apria cites *Richardson* and *Harris v. St. Louis University*, 114 B.R. 647 (E.D.Mo.1990) (J. Limbaugh).

In *Richardson*, this Court declined to find that the plaintiff was judicially estopped from pursuing his employment discrimination action, and instead referred the case to the bankruptcy court. 195 B.R. at 739–40. Therefore *Richardson* does not support Apria's motion to dismiss the EEOC's claim for monetary damages on behalf of Ms. Ayers.

In *Harris*, this Court held that a plaintiff who filed an employment discrimination action three months after her debts were discharged in a Chapter 7 bankruptcy proceeding lacked standing to bring the action. The Court found that the cause of action necessarily existed while plaintiff was in bankruptcy although plaintiff did not include it in her bankruptcy schedules, and only the Chapter 7 bankruptcy trustee would have the authority to prosecute it. *Id.* at 648. As a result, the Court dismissed the complaint for lack of standing. *Id.* at 649. *Harris* is readily distinguishable and does not support dismissing the claim for monetary damages in this case because *Harris* involved a Chapter 7 bankruptcy, in which all property and claims of the debtor belonged to the trustee.

The Eighth Circuit has stated that the purpose of judicial estoppel is to "protect the integrity of the judicial process." *Total Petroleum, Inc. v. Davis*, 822 F.2d 734, 738 n. 6 (8th Cir.1987). The Court stated that judicial estoppel is not appropriate unless the judicial forum or process has been abused, and expressed reluctance to apply judicial estoppel in the absence of a knowing misrepresentation or fraud on the court. *Id.* District courts in other jurisdictions have held that a debtor's failure to disclose a claim as an asset in bankruptcy may preclude later

---

2. A Chapter 7 bankruptcy proceeding is a liquidation bankruptcy in which the debtor's assets are collected in an estate and distributed by a trustee to the creditors. The trustee in a Chapter 7 bankruptcy case is the sole representative of the estate. 11 U.S.C. § 323(a). The debtor in a Chapter 7 bankruptcy case is required pursuant to 11 U.S.C. § 541(a)(1) to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case."

assertion of that claim under the doctrine of judicial estoppel. *See, e.g., Ryan Operations G.P. v. Santiam–Midwest Lumber Co.,* 81 F.3d 355, 364, n. 5 (3rd Cir.1996) (refusing to find requisite intent to deceive can be inferred from mere fact of nondisclosure in bankruptcy proceeding, but citing cases in which other courts have so inferred); *see also De Leon v. Comcar Indus., Inc.,* 321 F.3d 1289, 1291 (11th Cir.2003) (holding that judicial estoppel operated to bar a plaintiff from asserting an employment discrimination claim he had not disclosed in his Chapter 13 bankruptcy proceeding, concluding that a financial motive existed to secrete assets under Chapter 13 as well as Chapter 7, "because the hiding of assets affects the amount to be discounted and repaid," and noting that plaintiff had not amended his schedules to add after-acquired assets).[3]

The Court can find no basis from which to conclude that Ms. Ayers has abused a judicial forum or process, or practiced a knowing misrepresentation or fraud on the court. *See Total,* 822 F.2d at 738 n. 6. The distinction between Ms. Ayers' situation and the plaintiff in *De Leon* and other cases cannot be overstated: Ms. Ayers did not file this action, is not a party to this action, and had no control over the EEOC's decision to bring this action. Therefore Ms. Ayers cannot be said to have taken any action to warrant the application of judicial estoppel. Moreover, Ms. Ayers has now amended her bankruptcy schedules to include the instant lawsuit. Apria protests that Ms. Ayers did not include her EEOC charge of discrimination in the original schedules and therefore was trying to hide the charge. Under the circumstances of this case, the Court cannot find sufficient evidence of an intent to practice a knowing misrepresentation or fraud based on the mere failure to list an EEOC charge in the bankruptcy proceeding. *Cf. Ryan,* 81 F.3d at 364; *Taylor v. Comcast Cablevision of Ark., Inc.,* 252 F.Supp.2d 793, 799 (W.D.Ark. 2003) (refusing to dismiss ADA action because plaintiff failed to include his EEOC administrative charge in his Chapter 7 bankruptcy where plaintiff relied on the advice of

attorneys who did not direct him to make the disclosure and sought leave to reopen his bankruptcy estate, the results of which could benefit his creditors).

Because the Court has found no authority which would preclude the EEOC from seeking damages on behalf of Ms. Ayers, and concludes that Ms. Ayers herself has not practiced a knowing misrepresentation or fraud on the courts, it declines to apply judicial estoppel. As a result, the Court concludes that Apria's motion to dismiss the EEOC's claims for monetary damages on behalf of Ms. Ayers should be denied.

### Conclusion.

For the foregoing reasons, the Court concludes that defendant Apria's motion to dismiss should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Apria Healthcare Group, Inc.'s motion to dismiss is **DENIED.** [Doc. 6] Defendant shall file its answer to the complaint within the time allowed by Rule 12(a)(4)(A), Fed. R.Civ.P.

---

**3.** This Court is not convinced that a Chapter 13 debtor-in-possession has a motive to secrete assets, given that the creditors are repaid out of the debtor's income. The Eleventh Circuit in *De Leon* did not cite any authority in support of this proposition.