[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-13370
Non-Argument Calendar

_____

D. C. Docket Nos. 05-60130-CV-WJZ
01-06166-CR-WJZ

RICHARD S. GALLAHER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Richard Gallaher was convicted in the district court of failing to pay a child

support obligation in violation of 18 U.S.C. §§ 228(a)(1) and (a)(3). After his conviction became final, he moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion, and he now appeals. We issued a certificate of appealability ("COA") certifying one issue for appellate review:

> Whether the district court erred in denying [Gallaher's] claim that the district court lacked subject matter jurisdiction to convict him under 18 U.S.C. § 228(a) because [Gallaher] and his children resided in the same state.

In an appeal from an unsuccessful motion to vacate, our review is limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998); 28 U.S.C. § 2253(c)(3). "When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) (addressing a federal habeas petition filed pursuant to 28 U.S.C. § 2254).

Gallaher urges us to resolve this issue in his favor by agreeing with him that both he and his children lived in Georgia. The Government concedes that if Gallaher established that he and his children resided in the same state during the time period described in the indictment, the district court would have been required to vacate his conviction.

2

"Subject-matter jurisdiction defines the court's authority to hear a given type of case . . . ." United States v. Morton, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984).

> [S]ubject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and, in almost all criminal cases, that's the beginning and the end of the jurisdictional inquiry. Congress, however, can create additional statutory hurdles to a court's subject matter jurisdiction through separate jurisdictional provisions found in the substantive criminal statute itself under which a case is being prosecuted.

United States v. Tinoco, 304 F.3d 1088, 1105 n.18 (11th Cir. 2002) (citation, quotation, and alterations omitted). "[S]ubject matter jurisdiction cannot be waived or conferred on a court by consent of the parties." Eagerton v. Valuations, Inc., 698 F.2d 1115, 1118 (11th Cir. 1983). However, parties "may stipulate to facts that bear on [the] jurisdictional inquiry." Engineering Contractors Ass'n v. Metropolitan Dade County., 122 F.3d 895, 905 (11th Cir. 1997); see West Peninsular Title Co. v. Palm Beach County., 41 F.3d 1490, 1492 n.4 (11th Cir. 1995) ("Parties may not stipulate jurisdiction. And we do not say that jurisdiction was proper because jurisdiction was stipulated. Instead, we look to the record; we affirm the district court's conclusion that the stipulated facts give rise to jurisdiction." (citation omitted)).

Under 18 U.S.C. § 228, anyone who "willfully fails to pay a support

3

obligation with respect to a child who resides in another State," is subject to punishment if the obligation is of a specified amount and remains unpaid for a specified period of time. 18 U.S.C. § 228(a) and (c).

We perceive no clear error in the district court's determination that Gallaher failed to establish that his children resided in the same state as he during the relevant time period. The evidence Gallaher presented did not overcome his stipulation at trial that his children resided in a different state at such time.

The judgment of the district court is, accordingly,

AFFIRMED.